## State Board of Undertakers *v.* Frankenfield et al., Appellants.

Argued November 22, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles S. Shotz,* for appellants, in Nos. 26 and 33.

*B. D. Oliensis,* for appellants, in Nos. 27 and 28.

*Jacob Kossman,* for appellants, in Nos. 29-31.

*N. L. Wymard,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY MR. JUSTICE BARNES, March 21, 1938:

These seven appeals were argued at the same time, and may be disposed of in one opinion. They are proceedings begun by citations issued by the State Board of Undertakers, to the various individuals and corporations named as respondents, to show cause why their licenses and registrations as undertakers should not be suspended or revoked for alleged violations of the provisions of the Act of June 10, 1931, P. L. 485, as

amended, regulating the business or profession of undertaking in the Commonwealth.

Since 1895 the business mentioned has been a subject of statutory regulation in this State. In that year the Legislature (by the Act of June 7, 1895, P. L. 167) created the State Board of Undertakers. This Act provided that persons or corporations engaged in the business must register and be licensed by the Board. The Act of June 10, 1931, repealed all prior Acts relating to undertaking in the Commonwealth, and established a comprehensive system of licensure, registration and regulation. The provisions of this Act still remain in force and effect, excepting, however, that several of its Sections have been supplemented and amended by subsequent legislation.

The present cases arise under Section 8 thereof, which Section was amended by the Act of July 19, 1935, P. L. 1324. Authority was thereby conferred upon the Board to refuse, suspend or revoke an undertaker's license upon proof of the commission of any of the acts or offenses enumerated therein. The violation specifically charged against these respondents is defined in Paragraph (g) of Section 8 of the Act, as follows: "Loaning, borrowing or using a license of another, or of knowingly, aiding or abetting in any way the granting of improper licenses."

The same procedure was followed in all these cases. The respondents were notified of the hearings fixed by the Board upon the violations charged, and were present in person or were represented by counsel. After hearing testimony upon the charges, the Board filed a formal opinion in each case, with detailed findings of fact and conclusions of law, in which it was found that each respondent had been guilty of acts prohibited by the regulatory statute. Thereupon orders were entered revoking the licenses of the individual respondents, and the licenses and registration of the corporations. Appeals were taken from the orders of revocation to the

Court of Common Pleas of Dauphin County, in the manner authorized by Section 10 of the Act of 1931, as amended by the Act of 1935[1] which provides that "Any applicant or licensee whose license has been refused, suspended or revoked by the Board shall, within thirty days, have the right of appeal to the court of Common Pleas of Dauphin County where the matter shall be heard by the Court without a jury. *The action of said Court shall be final.* [Italics supplied.] The case shall be heard upon the record certified to the Court by the Board. The Court may, in proper cases, remit the record to the Board for the taking of further testimony."

The court below adopted the findings of fact and conclusions of law of the Board, and sustained the orders of revocation, whereupon appeals to this Court were taken by the respondents.

In view of the provision of the statute that the decision of the Court of Common Pleas of Dauphin County shall be final, the scope of our review of the record in each case is limited to a consideration of the jurisdiction of the court below and the regularity of the proceedings: *Twenty-first Senatorial District Nomination,* 281 Pa. 273; *White Twp. Sch. Dist. App.,* 300 Pa. 422; *Rimer's Contested Election,* 316 Pa. 342; *Grime v. Dept. of Public Instruction,* 324 Pa. 371. In the latter case, the present Chief Justice said (p. 375): "Where a statute is silent on the right of appeal this Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings."

In consequence our examination of the record in each of these appeals is confined to the determination of the

---

[1] Section 10(a) of the Act of July 19, 1935, P. L. 1324, amends Section 10 of the Act of June 10, 1931, P. L. 485.

question whether these essential requirements have been fully satisfied. While these appeals involve substantially the same questions, each presents its own facts requiring a separate consideration.

## APPEAL OF OLIVER K. FRANKENFIELD.
### No. 26, May Term, 1937.

This respondent has been a licensed undertaker since 1911, and for the year 1935 held a license authorizing him to practice undertaking at 317 North Fifty-second Street, Philadelphia. At the time of the hearing before the Board he was the president and a director of Molnick's Funeral Parlor, Inc., which offices he has held since the incorporation of the company on June 19, 1935. Associated with Mr. Frankenfield in the management of the company is a certain Louis Molnick, who is not a licensed undertaker, but is registered as a student apprentice. Since its incorporation Molnick's Funeral Parlor, Inc., has been engaged in the undertaking business at 1329 North Broad Street, Philadelphia, and all the necessary burial permits were obtained for it by Mr. Frankenfield in his name.

On August 22, 1935, the company filed an application for a corporate license with the Board. No hearing was held on this application, as prior to its filing date the Act of 1931 was amended by the Act of June 21, 1935, P. L. 398, prohibiting the Board from issuing licenses to corporations.[2] This amendment reads as follows: "(b) The Board shall not hereafter issue licenses to, nor register any corporation, nor shall any corporation be permitted to conduct the business or profession of undertaking which has not already been licensed and registered."

On January 9, 1936, the Board issued a citation to respondent to appear and show cause why his license

---

[2] See Section 13 of the Act of June 10, 1931, P. L. 485, as amended by the Act of June 21, 1935, P. L. 398.

should not be revoked because of alleged violations of the Act of 1931. It was charged that he had loaned his license to the corporation, thereby enabling it to engage in the undertaking business unlawfully; that as an officer of that company he had allowed it to practice undertaking without the corporation being properly licensed according to law. After a hearing at which the respondent was represented by counsel, although not personally present, the Board found him guilty of the charges and entered an order revoking his license. Thereupon he appealed to the Court of Common Pleas of Dauphin County, which affirmed the action of the Board.

The respondent does not here challenge either the jurisdiction of the court to enter the decree appealed from, or the regularity of the proceedings in the court below. He contends that he is innocent of the acts charged because the issuance of articles of incorporation to Molnick's Funeral Parlor, Inc., with its corporate purpose described as "furnishing funeral supplies and service to the public," without more, empowered it to engage in the undertaking business. Manifestly this contention is without merit. The approval of articles of incorporation by the Secretary of the Commonwealth merely confers corporate life. It does not authorize a corporation to engage in a business for which a license is required from a department, board or commission of the Commonwealth, merely because the intention to engage in such business is recited among the corporate purposes. This is true even though the Act of May 5, 1933, P. L. 364, requires the Department of State to refer the articles of incorporation to such department, board or commission for approval, where the corporate purpose stated is for a business in which a corporation may not engage without the approval of or a license from such state authority. Corporate existence must necessarily precede an application for a corporate license, otherwise there would be no entity applying for the license. That this corporation was so aware is demonstrated by

its application to the Board for an undertaker's license on August 22, 1935, after its certificate of incorporation had been received from the Secretary of the Commonwealth.

Respondent further asserts that while he employed his individual license for the obtaining of burial permits necessary to conduct funerals on behalf of the corporation, such use would not constitute the loaning of his license within the meaning of the statute prohibiting such act.[3] The Board has found that the respondent loaned his license to an unlicensed person in violation of the Act. This finding has been affirmed by the Court of Common Pleas of Dauphin County; its decree is final upon that question, and is not subject to our review.

We have examined the record and fully considered the contentions of the respondent to the extent permitted by this appeal, and are satisfied there was no error that would justify a reversal of the order of the court below.

The decree of the court below in No. 26, May Term, 1937, is affirmed. Costs to be paid by appellant.

### APPEAL OF RAYMOND A. MURPHY.
No. 27, MAY TERM, 1937.

### APPEAL OF LAGRECA FUNERAL PARLORS, INC.
No. 28, MAY TERM, 1937.

On April 24, 1936, the State Board of Undertakers issued citations to the individual respondents, Thomas F. Kavanagh, Jr., and Raymond A. Murphy, and to a corporation respondent, Lagreca Funeral Parlors, Inc., for the revocation of their licenses as undertakers. The individual respondents were duly licensed undertakers, and the corporation respondent, a Pennsylvania corpo-

---

[3] See Section 8 of the Act of July 19, 1935, P. L. 1324, amending Section 8 of the Act of June 10, 1931, P. L. 485.

ration, likewise was duly licensed and registered by the Board. Murphy was the president and treasurer, and Kavanagh the secretary of the corporation, which was engaged in the undertaking business during the years 1935 and 1936, at 1010 Dickinson Street, Philadelphia.

Against the corporation respondent it was charged that all of its officers were not duly licensed undertakers actively engaged in the conduct of the business of the corporation, as required by Section 13 of the Act of 1931, P. L. 485; and against the individual respondents it was alleged that they had loaned their licenses to one Anthony Lagreca or to Lagreca Funeral Parlors, Inc., in violation of the Act.

The complaints against all three respondents were heard simultaneously by the Board; the individual respondents were personally present and represented by counsel. It appears that respondent Murphy actively carried on the business of the company, together with Anthony Lagreca, who was registered with the Board as a student apprentice. Murphy procured the necessary burial permits and arranged for and conducted the funerals. Kavanagh, during the time he was an officer, took no active part in the business of the company.

Orders were entered by the Board revoking the licenses of all three respondents; in the case of the corporation it found that all its officers were not actively engaged in the conduct of its business, as required by law, and further, that the corporation was "a cloak" to hide the unlawful activities of Lagreca in the undertaking business. In the case of the two officers, the Board concluded they were guilty of a violation of the law because they had loaned their licenses within the meaning of Section 8(g) of the Act of 1931, as amended by the Act of 1935.

The respondents appealed to the Court of Common Pleas of Dauphin County, where the orders of the Board were affirmed. Appeals were then taken to this Court by Raymond A. Murphy and the Lagreca Funeral Par-

lors, Inc., Thomas F. Kavanagh, Jr., having died while the appeal was pending.

We have given consideration to all the contentions earnestly urged on behalf of the respondents. It is our opinion, however, that the questions raised are without the scope of our review of these appeals. The jurisdiction of the court is conceded, and the record discloses that the proceedings were conducted in strict conformity with the Act of Assembly. The decision of the court below is a final adjudication of all of the questions which have been presented to us upon these appeals, and its decree must be affirmed.

The decree of the court below in No. 27 and No. 28, May Term, 1937, is affirmed. Costs to be paid by appellants.

APPEAL OF SAMUEL B. REED.
No. 29, May Term, 1937.

APPEAL OF JOHN J. GIVNEY.
No. 30, May Term, 1937.

APPEAL OF IANNETTA FUNERAL HOME, INC.
No. 31, May Term, 1937.

Samuel B. Reed and John J. Givney, the individual respondents, were licensed undertakers for the years 1934, 1935 and 1936. The corporation respondent, Iannetta Funeral Home, Inc., is a Delaware corporation, authorized to engage in the undertaking business in Pennsylvania. It was duly licensed and registered by the State Board of Undertakers, with its principal place of business at 742 South Eighth Street, Philadelphia. The company was named for Andrew Iannetta, who is registered with the Board as a student apprentice.

The business of the company was actively managed by the respondent Givney, and Andrew Iannetta, burial permits being obtained upon the license of Givney, who is the president and treasurer of the corporation.

Although respondent Reed has been secretary of the company since October, 1934, he has rendered no actual services beyond being available to officiate at any funerals of the negro race, which the company might obtain.

Citations were issued against the three respondents for alleged violations of the Act of June 10, 1931, P. L. 485. It was specifically charged in the case of the corporation that all of its officers were not actively engaged in the conduct of its business, and in the case of the individuals that they had loaned their licenses to Andrew Iannetta or to the Iannetta Funeral Home, Inc.

Hearings upon the charges were held simultaneously by the Board and resulted in orders revoking the license in each case. The respondents then appealed to the Court of Common Pleas of Dauphin County which sustained the orders of the Board. All respondents then appealed to this Court.

It is urged on behalf of respondents that we review the entire record to determine whether the order of the Board is supported by the evidence of the case. It is contended that the corporation was duly licensed and registered to practice undertaking, and that the individual respondents did nothing improper in permitting it to engage in the undertaking business. In defense of Reed it is asserted that it is not required that the officers of a duly licensed and registered corporation conducting an undertaking business personally participate in all the company's activities.

The Board has found that Reed as an officer was not actively engaged in the business of the corporation as required by the statute, and this finding has been affirmed by the court below. It is therefore conclusive and cannot be reviewed by this Court on appeal, as is also true the finding of the Board that the individual respondents loaned their licenses in violation of Section 8(g) of the Act of 1931.

There is no question of the jurisdiction of the court, and it conclusively appears by the record that the proceedings were regular in every respect. There is no error that would justify a reversal of the order of the court below.

The decree in Nos. 29, 30 and 31, May Term, 1937, is affirmed. Costs to be paid by appellants.

## APPEAL OF THOMAS E. SULLIVAN.
### No. 33, May Term, 1937.

Lucius P. Hollahan and Thomas E. Sullivan, who were the respondents in this proceeding before the State Board of Undertakers, are the president and treasurer, and secretary, respectively, of Peter H. Markmann Funeral Home, Inc., a Delaware corporation, organized for the purpose of carrying on the business of undertaking. On March 5, 1935, the company received a certificate of authority from the Secretary of the Commonwealth to conduct business in Pennsylvania. From that time until January 22, 1936, the date of the hearing, the company has been engaged in the undertaking business at 7211 Oxford Avenue, Philadelphia.

Both respondents are licensed undertakers, but the respondent Sullivan was not registered for the year 1935. Hollahan obtained in his name all burial permits necessary for the company's business.

On March 15, 1935, the company filed with the State Board of Undertakers an application for a corporate license in accordance with Section 13 of the Act of June 10, 1931. A hearing was held upon this application on March 21, 1935, but no action was taken thereon by the Board because of notice received on the same day that the Court of Common Pleas of Dauphin County had issued an injunction restraining the Board from licensing or registering corporations. The injunction still remained operative when the Act of June 21, 1935, P. L. 398, was passed, prohibiting future corporations not

already licensed and registered from conducting the business of undertaking in the Commonwealth. The injunction theretofore entered by the court below was made permanent and the corporation was denied a license and registration by the Board.[4]

On December 19, 1935, the Board cited both respondents to show cause why their licenses should not be revoked, because they had loaned them to the Peter H. Markmann Funeral Home, Inc., a corporation not properly licensed, in violation of the provisions of Section 8(g) of the Act of June 10, 1931, P. L. 485, as amended, and because the respondents had permitted this corporation to practice undertaking.

After a hearing the Board entered an order revoking the license in each case. The respondents appealed to the Court of Common Pleas of Dauphin County, which affirmed the order of the Board. From the decree so entered the respondent Sullivan appealed to this Court. No appeal was taken on behalf of the respondent Hollahan.

Respondent contends that the evidence does not support the action of the Board, and the court abused its discretion because he could not have been guilty of loaning his license, of which he stands convicted, when at all times he retained possession and control of it. The action of the Board is evidently placed upon a broader conception of the term "loaning a license," as the expression is used in the statute, than the respondent attributes to it. He also contends that his license should not have been revoked merely because he was an officer of the corporation, when as a matter of fact he did not actively engage in the undertaking business of that company, or participate in its operations to any extent whatsoever.

---

[4] See *Rule v. Price*, 323 Pa. 139. An appeal was taken in this case to the Supreme Court of the United States (October Term, 1936, No. 698), which declined to review for want of jurisdiction.

These are matters of defense upon the merits of the case. Our examination of the record must be to determine whether the court below possessed jurisdiction and whether the proceedings were regular, according to the terms of the statute. We are of opinion that these requirements have been met, and the decree of the court must be affirmed.

The decree in No. 33, May Term, 1937, is affirmed. Costs to be paid by appellant.