**ANDREW IANNETTA FUNERAL HOME, Inc., et al. v. STATE BOARD OF UNDERTAKERS OF DEPARTMENT OF HEALTH OF PENNSYLVANIA et al.**

No. 10037.

District Court, E. D. Pennsylvania.

March 13, 1939.

Cyril L. Weston, of Philadelphia, Pa., for plaintiffs.

Frank F. Truscott, James H. Thompson, Sp. Dep. Atty. Gen., Henry A. Craig, and William N. Trinkle, all of Philadelphia, Pa., for defendants.

Charles S. Shotz, of Philadelphia, Pa., for intervener.

Before BIGGS, Circuit Judge, and DICKINSON, and KIRKPATRICK, District Judges.

KIRKPATRICK, District Judge.

The plaintiffs are two corporations engaged in the undertaking business in the City of Philadelphia. The defendants are the State Board of Undertakers of the Department of Health of the State of Pennsylvania, individual members of the Board, and other parties not necessary to mention here.

The State Board of Undertakers ordered the licenses and registrations of each of the plaintiffs to be revoked for cause shown. These orders of revocation were appealed to the Court of Common Pleas of Dauphin County. The appeal was heard before that Court, and the order of the State Board of Undertakers was approved and the appeal dismissed. An appeal was taken from the findings of the Court of Common Pleas of Dauphin County to the State Supreme Court, State Board of Undertakers v. Frankenfield, 329 Pa. 440, 198 A. 302, which Court held that the decision of the lower Court was a final adjudication of all the questions presented and affirmed the decree of the lower Court. The Supreme Court was of the opinion that the record showed that there was no irregularity in the proceedings which would justify a reversal of the order of the Court below.

The prayer of the bill is that the defendants be restrained by injunction from interfering with the business of the claimants so long as they comply with the reasonable requirements of the law of the Commonwealth of Pennsylvania, and also that they be directed to restore to the plaintiffs the right to do business.

The jurisdiction of this Court arises by reason of the fact that the bill alleges that the act of the Pennsylvania law creating the State Board of Undertakers and prescribing procedure before it is unconstitutional. 63 P.S.Pa. § 478a et seq. While this position has not been sustained, this Court may retain jurisdiction of the cause. Siler v. Louisville & Nashville R. Company, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753.

The evidence establishes the fact that one of the members of the Board which revoked the licenses was a member of the association which prosecuted the cases against the licensees before the Board, and is sufficient to support a finding that he was biased and prejudiced against them. There is no evidence that he had any such direct, personal, substantial, pecuniary interest in the case as would amount to a disqualification, which in itself would constitute an infringement of due process. Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243. The proceedings before the Board were irregular in some particulars, but not to the extent that the plaintiffs were denied full opportunity to present their case to the Board and we do not think that the manner in which the proceedings were conducted constitutes a denial of due process within the meaning of that term.

Thus the plaintiffs' case for denial of due process comes down to a hearing before a biased (but not disqualified) administrative tribunal—a tribunal of which at least one member was also a member of the prosecuting body. The utmost that the plaintiffs can contend is that, up to the time when they took their appeal to the Dauphin County Court, they had been denied due process.

The law of Pennsylvania, 63 P.S.Pa. § 478j(a), provides for a full review of the proceedings before the Court of Common Pleas, of which the plaintiffs availed themselves. It is not suggested that there was any bias or disqualification existing in that Court or that the apparent irregularity in the dating of the Court's first opinion was in any way a denial of due process. Nor is it alleged that the judgment of state Court was obtained by fraud, as in Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492.

The matter of the disqualification of certain members of the Board to sit was one of the grounds upon which the appeal to the Court of Common Pleas was taken. It was specifically called to the attention of that Court and considered by it. The ruling of the Court was that, inasmuch as no objection had been made to these persons sitting as members of the Board at the time of the hearing before it, there had been an implied waiver, and that the Court of Common Pleas could not consider it.

It now appears that the plaintiffs did not know at the time of the hearing before the board that the chairman was a mem-

ber of the prosecuting association, and first heard of it "in the Dauphin County Court." (29th. Request for Fact Finding.) Whether counsel in the proceedings before the Dauphin County Court advised the Court of their want of knowledge does not appear. Certainly there was no reason why they could not have done so, and, in view of the Court's ruling, it may be assumed that they did. The ruling of the Court of Common Pleas may have been technically correct or it may have been erroneous. However, it was made after a full and fair hearing and due consideration by a competent and unprejudiced Court. And this brings us to the real question in the case, which is: Whether this Court upon injunction proceedings directed against the order of an administrative body will undertake to set aside the judgment of a state court on the ground that the state court erred in ruling that any invasion of the constitutional rights of one of the parties to the proceeding had been waived.

■ It may be pointed out that there was a clear road to a Federal review of this question through an appeal from the highest court of Pennsylvania competent to determine the matter to the Supreme Court of the United States. This procedure, of course, required that the Federal question be raised in the Pennsylvania courts, but there is no reason why this could not have been done before the Dauphin County Court, as the facts were then known to the plaintiffs, and they could have presented exactly the same case there which they have presented here. There is no difficulty arising out of the limited nature of the review given by the law of Pennsylvania to the Supreme Court of the State. The appeal to the Supreme Court of the United States would lie from either that Court or the Common Pleas of Dauphin County, whichever was the "highest court" so far as the proceeding in question is concerned. See cases cited in 28 U.S.C.A. § 344, Note 32, p. 219.

■ Thus it seems plain that the injunction prayed for would in reality be directed against the judgment of the state court, and not, as appears from the prayers, the order of a state administrative body. As was held in Simon v. Southern R. Co., supra, there is jurisdiction in this regard, and it is not within the statute which prohibits United States Courts from staying proceedings in a state court; but we know of no case where it was exercised upon the sole ground that the judgment of the state court erroneously decided that the plaintiffs had waived constitutional rights, there being no evidence that the judgment of the state court was arrived at fraudulently, illegally or without full opportunity for hearing and resort to the Federal Courts through an appeal to the Supreme Court. On the contrary, we think the decision of the state Court is not reviewable here. Davega-City Radio, Inc., v. Boland, D.C., 23 F.Supp. 969; Borland v. Johnson, 9 Cir., 88 F.2d 376.

The bill in equity may be dismissed.