131; Nebinger's Est., 185 Pa. 399; Abel v. Abel, 201 Pa. 543; Corr's Est., 202 Pa. 391.

*Charles E. Berger*, for Charles E. Berger, guardian ad litem for James B. Cullum and Allan Milliken, minor children of Anna B. Cullum; and Allan C. Milliken, minor child of J. I. B. Milliken, appellee.—The grandchildren have an interest in having the trust fund remain intact until the period of distribution fixed by the will is at hand: Wilen's App., 105 Pa. 121; Aubert's App., DeSilver's Est., 119 Pa. 48; Getz's App., 125 Pa. 611; DeSilver's Est., 142 Pa. 74; DuPlaine's Est., 185 Pa. 332; McCallum's Est., 211 Pa. 205.

*H. Gordon McCouch*, with him *Norman S. Farquhar*, for The Provident Life & Trust Company of Philadelphia and Francis W. Boyer, M. D., trustees, appellees.

PER CURIAM, March 28, 1910:
The decree of distribution is affirmed for the reasons stated in the opinion of the learned judge of the orphans' court.

---

## Powell, Appellant, v. Scranton.

*Res adjudicata—Quarter sessions—Equity—Municipalities—Annexation of land.*

An order of the quarter sessions by which territory is annexed to a city, unappealed from, is a final judgment and cannot be attacked in a collateral proceeding in equity.

Argued Feb. 21, 1910. Appeal, No. 332, Jan. T., 1909, by plaintiff, from judgment of the Superior Court, March T., 1909, No. 68, affirming decree of C. P. Lackawanna Co., Sept. T., 1908, No. 35, dismissing bill in equity in case of David J. Powell v. City of Scranton, City of Scranton School District and F. L. Hitchcock, Treasurer of City of Scranton. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain collection of taxes.  Before ED-
WARDS, P. J.

The facts appear in the following opinion of the Superior
Court by ORLADY, J.

This case was disposed of in the court below on a bill in
equity and a demurrer thereto.  After a full argument the
demurrer was sustained and the plaintiff's bill dismissed.  A
reversal of the judgment would mean the overruling of the
decision of this court in Sheraden Borough, 34 Pa. Superior
Ct. 639, which, after a further examination of the questions
involved in that and this case, we are not willing to do.
There is nothing to be gained in a review of the reasons for
our conclusion as stated in the report of Sheraden borough
case.

A further purpose of the bill is to review and reverse a
decree of the court of quarter sessions of Lackawanna county,
by which certain territory was annexed to the city of Scran-
ton, which stands unappealed from, and a final judgment.
The question raised here in this bill in equity was raised and
was fully considered in the court of quarter sessions of Lacka-
wanna county in that case, and it must be conceded that the
court of common pleas has no authority to review and set
aside the judgment of that court.

Every judgment must be conclusive until reversed.  Such
is the character, nature and essence of all judgments.  If it
be not conclusive it is not a judgment.  A court must either
have power to settle a given question finally and forever,
so as to preclude any further inquiry upon it, or else it has
no power to make any decision at all.  To say that a court
may determine a matter and that another court may regard
the same matter afterwards as open and undetermined, is
an absurdity.

The Act of April 28, 1903, P. L. 332, has been declared
constitutional by this court in the Sheraden borough case,
and the court of common pleas in the case now before us
rightly followed the conclusion reached by this court.  See
further, Com. v. Parsons, 217 Pa. 435; Higgins v. Price, 36

Pa. Superior Ct. 215. A special discussion of the facts is not necessary in the light of these decisions. The judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*William J. Fitzgerald,* with him *James J. Powell,* for appellant.

*W. S. Diehl,* with him *David J. Davis,* city solicitor, and *J. F. Scragg,* for appellees.

PER CURIAM, March 28, 1910:

The judgment is affirmed for the reasons stated in the opinion of the Superior Court.

---

# Dox's Estate.

*Decedents' estates—Executors and administrators—Practice, O. C.— Review of accounts.*

A petition for a review of an executor's accounts is only granted as of right for error on the face of the record or new matter arising after the decree of confirmation, or as a matter of grace for new proofs discovered after the decree which could not have been obtained before.

Argued Feb. 22, 1910. Appeal, No. 9, Jan. T., 1910, by Eugene Frantz, surviving joint-petitioner, from decree of O. C. Lackawanna Co., No. 55 of 1904, dismissing petition for review of the account of M. J. Martin, executor in Estate of Mary Augusta Dox. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Petition for review of an executor's accounts. Before SANDO, P. J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the petition.