## Bethlehem School District Appeal.

Argued January 3, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

434

*Herbert J. Hartzog,* for appellant.

*R. C. Mauch,* with him *Mauch & Goodman,* for appellee.

Opinion by Mr. Justice Drew, March 19, 1945:

This appeal is from a final order of the Court of Common Pleas of Northampton County revoking its former order appointing three commissioners to adjust and apportion property and indebtedness between the School District of the City of Bethlehem (a third class city), appellant, and the School District of Lower Saucon Township (a fourth class township), appellee.

An agreed statement of facts shows that prior to this action the City of Bethlehem, by the usual legal procedure, annexed a certain portion, being contigous territory, of Lower Saucon Township to the City of Bethlehem; that certified copies of the petition, plan and ordinance were filed in the office of the Clerk of the Court of Quarter Sessions of Northampton County; that within the statutory period of thirty days thereafter the Township Supervisors and Directors of the School District presented a petition to the court setting forth that the annexation proceedings were not in conformity with the Acts of Assembly and praying for the allowance of an appeal, which the court granted; at the argument the sole objection was that the statutory procedure was not complied with in that the record did not show that the State Council of Education had approved the proposed annexation; the court filed an opinion denying an ap-

peal. The agreed statement of facts further shows, that later the Supervisors of the Township and the City Council of Bethlehem agreed upon an adjustment of indebtedness of the Municipalitites, which was approved by the court; that the School Directors of the Township and the School District of the City did not join, and were not parties thereto; that the School District of the City later petitioned the Court of Common Pleas to appoint three commissioners to make an apportionment and adjustment of all school property and indebtedness, to and among the School Districts of the Township and the City; that this was done, but afterward the learned court made absolute a rule to show cause why that order should not be revoked. Whereupon the School District of the City of Bethlehem took this appeal.

At the hearing and argument it appeared that the State Council of Education not only had not consented to the annexation of a portion of the Township School District to the School District of the City of Bethlehem, but had affirmatively refused its consent, stating in an official decree "that the annexation of said land to the school district of the City of Bethlehem is not necessary, will not promote the welfare of the pupils within the territory affected, and that the application is denied."

We are asked to reverse the judgment of the court of common pleas on the ground that the matter is res judicata because of the action of the quarter sessions court, especially since there was no appeal taken from judgment of that court; and on the ground that the Act of May 29, 1931, P.L. 243, (requiring approval of the State Council of Education to incorporate such annexed territory into the recipient school district) is unconstitutional, its title being defective.

It is agreed by all concerned that the matter of physical annexation of this property was before the quarter sessions court, and since no appeal was taken from that court's judgment that matter is res judicata: *Powell v. Scranton*, 227 Pa. 604, 76 A. 505; *Bartron v. Northamp-*

*ton County*, 342 Pa. 163, 19 A. 2d .263. The question before us is: Does the physical annexation of property of a fourth class township by a city automatically place the annexed territory under the jurisdiction of the school authorities of the annexing municipality? The Act of 1931, supra, which is entitled "AN ACT, To amend the act, approved the eighteenth day of May one thousand nine hundred and eleven . . . , entitled 'An act to establish a public school system in the Commonwealth of Pennsylvania, together with the provisions by which it shall be administered, . . . ; repealing all laws, . . . that are or may be inconsistent therewith; . . ." provides in Section 116: "Whenever . . . an existing school district of the fourth class is affected by the annexation to a city . . . of territory included within a school district of the fourth class . . . the clerk of the courts . . . shall, within ten days thereafter, make a certified copy of the petition. therefor, agreement or ordinance, . . . and mail the same to the Superintendent of Public Instruction, . . . Upon receipt . . . the Superintendent of Public Instruction shall, within sixty days, thereafter, cause the State Council of Education to be convened, . . . the State Council of Education shall determine whether . . . change in the boundaries of an existing school district of the fourth class, is necessary, and whether the welfare of the pupils within the territory affected thereby will be promoted by . . . change in the boundaries of such existing school district . . . If, in the judgment of the council the said application should not be granted . . . *the boundaries of the existing school districts shall remain unchanged."* This section of the Act makes it clear that the legislature did not intend that mere physical annexation alone would change the boundaries of existing school districts of the fourth class. On the contrary, it could not have made more emphatic that approval of the State Council of Education is necessary to accomplish such a change. Since the State Council is

not to be called upon to make its decision until notified "within ten days" after the annexation, this problem was not before the quarter sessions court, nor could it have been, and therefore it was not adjudicated at the annexation proceedings.

Appellant contends that the Act of 1931, supra, is unconstitutional, because it does not refer to the State Council of Education in its title. This statute amended the Act of April 24, 1929, P.L. 642, which is entitled "AN ACT, To amend section one hundred one and one hundred sixteen, as amended, . . . of an act, approved the eighteenth day of May, one thousand nine hundred eleven . . . entitled 'An act . . . providing that school districts of the fourth class shall not be created, without the consent of the State Council of Education . . .'" This argument of appellant must fail, for we have consistently held that where a title is sufficiently clear to put a searcher on notice of its contents, such title is adaquate. We said in *Gumpert's Estate*, 343 Pa. 405, 407, 23 A. 2d 479: ". . . all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not be enumerated or indexed in the title if they are germane to the legislation as a whole. 'Unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill, the act should not be declared as a violation of the Constitution by reason of its title offending Section 3 of Article III . . .'" And in *Spain's Estate*, 327 Pa. 226, 227-8, 193 A. 262, Mr. Justice LINN clearly expressed the principle thus: "The settled rule is that after a statute has been amended, it will be read as if the amendment had originally been part of it . . ." Here the Act of 1931, supra, is clear enough to put any reasonable person upon inquiry, and reference to the Act of 1929, supra, reveals, in its title, the creation of the State Council of Education. In such cases all appropriate details necessary to

carry out the provisions and purposes of the Act will be treated as within the title. The creation of and the duties of the State Council of Education are so closely related to the administration of the school system of this Commonwealth that the above stated principles here clearly apply.

Order of the court below affirmed; costs to be paid by appellant.