## Mount Carmel Township Veterans Association License

*Carleton M. Strouss*, for appellant.

*Spencer Hill*, for Pennsylvania Liquor Control Board.

FORTNEY, P. J., March 23, 1948.—This is an appeal from the decree of the Pennsylvania Liquor Control Board refusing to grant a club liquor license to appellant, Mount Carmel Township Veterans Association, Route 122 at East Columbia Avenue, Atlas, Northumberland County, Pa.

The board refused the license for the following reason:

"The Act of June 24, 1939, P. L. 806, provides for a quota of six retail licenses for the sale of liquor and malt beverages in Mount Carmel Township, Northumberland County, and there are at the present time 24 such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for the said municipality is exceeded."

Counsel for appellant and the board filed a stipulation in which it is agreed that the board has no objection to the granting of this license other than its issuance would be in violation of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1002 (commonly referred to as the Quota Act).

The reason assigned by the board for its refusal to grant this license raises a legal question whether a club liquor license may be issued for premises situate in a municipality in which the number of retail licenses, calculated in accordance with the provisions of the Quota Act, exceeds the limitations prescribed by this law.

The courts of Northumberland County have, on numerous occasions, held that the quota provisions of this Act of June 24, 1939, P. L. 806, do not apply to bona fide clubs, even though the population limitation is exceeded in the municipality in which the club license is sought. In re Appeal of Loggia Nuova Giuseppe Verdi No. 1483, 55 D. & C. 498. In re Appeal of East Cameron Township Fire Company, no. 13, Sept. sessions, 1946.

We are now asked to reconsider our former decisions. It is called to our attention that courts in several jurisdictions of the Commonwealth have reversed their former rulings and hold that clubs are included in the Quota Act. We have read with care these most able opinions and note that the reversal of the former

rulings was occasioned, in part at least, by the passage in the 1947 legislature of what is referred to as Senate Bill 814. We do not have this bill before us. We gather from reference to the opinions by other courts that the bill was designated as an amendment to section 2 of the Quota Act. It provided, inter alia, that for a period of 18 months the Quota Act should be inapplicable to certain veterans' clubs therein particularly designated. This bill, after being passed by both houses of the legislature, was vetoed by the Governor for the reason that it was legislation favoring a special class and hence unconstitutional.

There can be no doubt that the courts are in hopeless conflict in the interpretation of the Act of June 24, 1939, P. L. 806, supra, insofar as it relates to the issuance of club licenses. This condition has existed since the passage of the act, and rather than attempt to clarify its meaning the legislature at subsequent sessions, with one exception, has generally avoided such action. The legislature in 1947 attempted to amend the Quota Act by what it knew, or should have known, was an unconstitutional amendment.

We are unable to understand how the passage of an amendatory act by the legislature, which act was subsequently vetoed by the Governor, will put to an end a doubt as to the meaning of the original act. It is a settled principle of law (Bethlehem School District Appeal, 351 Pa. 433, 437) that after a statute has been amended it will be read as if the amendment had originally been a part of it. If we concede that the vetoed amendment should be read as if it were a part of the original Act of 1939 it would in our judgment still not clarify the meaning of the original act. We are rather inclined to the view that this amendatory statute should be construed, if at all, only insofar as it attempts to remove all doubt as to the meaning of the original act in its application to the veterans' groups therein particularly designated.

We have given full consideration, in our attempt to ascertain the intention of the legislature, to the occasion and necessity for the law, and the circumstances under which it was enacted. We conclude that the passage by the legislature of Senate Bill 814 can neither overturn an interpretation already given by this court, nor bind the court with respect to the application of the original statute. The rights of appellant in the instant action are not affected by its passage, and under no circumstances would it justify the overruling of prior decisions of this court on questions similar to those herein involved, hence we make the following

### Order

And now, to wit, March 23, 1948, the appeal of Mount Carmel Township Veterans Association is sustained; the action of the Pennsylvania Liquor Control Board is overruled, and it is hereby ordered and decreed that the Pennsylvania Liquor Control Board issue a club liquor license to Mount Carmel Township Veterans Association, Route 122 at East Columbia Avenue, Atlas, Pa.