## Elford v. Pension Board

*Anne Z. Alpern*, city solicitor, and *Emanuel F. Schifano*, assistant city solicitor, for plaintiff.

*Albert E. Kabet*, for respondent.

ELLENBOGEN, J., July 21, 1948.—This is an action of mandamus which is before the court en banc on complaint and answer which admits the relative averments of the complaint, and an order of court entered by consent which grants a rule to show cause why judgment should not be entered for plaintiff or the action be dismissed.

The question involved is whether the Act of May 28, 1915, P. L. 596, as amended by the Act of June 10, 1947, P. L. 524, providing that "the pension paid to any one employee shall not be less than seventy-five dollars per month" should be construed to include employes of the City of Pittsburgh who were receiving a pension on the day of the passage of the act.

The act was passed for the purpose of relieving to some extent the tragic condition of pensioners created by the sharp rise in the cost of living. It is common knowledge that retired public employes are among the worst sufferers from the extraordinary rise in the cost of living. To construe the amendment of 1947 as not applying to the persons whom it was passed to relieve would be a travesty upon justice.

The act does not require such a construction. It is plain that it is meant to apply to all employes (of the City of Pittsburgh) who retire or have retired on pension.

It is contended that the term "employee", used in the statute, only applies to persons now employed by the city. The term "employee" is used in the statute in connection with payment of a pension and, therefore, it is obvious that it applies to *all* persons who because of their employment by the city are entitled to a pension.

The amended statute must be read as if the amendment had originally been a part of it: Statutory Construction Act of May 28, 1937, P. L. 1019, art. V, sec. 73, 46 PS §573. As far as the amended portion is concerned, it takes effect as of the passage of the act: Commonwealth v. Repplier Coal Co., 348 Pa. 372; Bethlehem School Dist. Appeal, 351 Pa. 433; Spain's Estate, 327 Pa. 226-228. In this instance since the act provides no specific date when it is to take effect, it takes effect on September 1, 1947, in accordance with the applicable act of assembly.