# Irwin Borough Annexation Case (No. 2).

Argued April 19, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Carroll Caruthers,* with him *Elder W. Marshall* and *Louis E. Sensenich,* for appellants

*Robert W. Smith,* with him *Max M. Bergad, Fink & Jennings, Scott Fink,* and *Smith, Best & Horn,* for appellees.

OPINION BY RENO, J., July 15, 1949:

This is a companion case to *Irwin Borough Annexation Case,* 165 Pa. Superior Ct. 119, 67 A. 2d 757, where this Court affirmed the Court of Quarter Sessions of Westmoreland County which declared void an ordinance of the borough annexing adjacent lands in North Huntingdon Township.

In the instant case the Borough of Irwin and its school district appealed from an order of the common pleas court of that county dismissing the petition of its county commissioners for a declaratory judgment. One judge dissented.

The decision on the appeal from the quarter sessions court did not settle the issues raised by this appeal. The ordinance became effective on April 29, 1948, i. e., on the day succeeding the 1948 primary election. Act of July 10, 1947, P. L. 1621, §5, 53 PS §12462. It is conceded that the subsequent proceedings, the complaint and the decisions of the quarter sessions and this Court, did not supersede or postpone the operation of the ordinance. So far as the borough's affairs are concerned the ordinance will remain in effect until the decisions have been reviewed by the Supreme Court or the time for applying for an allocatur shall have expired.

The controversy relates to the school districts of the borough and the township. The borough school district contends that the annexed territory became subject to its jurisdiction on the effective date of the ordinance. The township school district maintains that the annexed area will remain under its authority until the

boundaries become permanently effective by the final decision of a court of last resort.

In their petition the commissioners, after reciting the annexation and the proceedings thereon, averred that, because of the controversy, they were uncertain whether the duplicates for 1948 taxes upon property in the annexed area should be delivered to the borough collector or the township collector.[1] The court ordered that copies of the petition be served upon the borough and its school district, the township and its school district, the tax collectors, and the State Department of Public Instruction. The school districts and one collector filed answers. The department was not served and did not appear.

The answers admitted the essential facts. Attached to the answer of the township school district were letters from the legal adviser of the Department of Public Instruction stating "that a letter of advice from our Department of Justice indicates that under Section 116 of the School Code, the approval of the State Council of Education is required whenever the boundary of a fourth class district is affected in any way". The dissenting judge quoted a letter from the Superintendent of Public Instruction intimating that action would be taken by the State Council of Education after the courts finally approved the annexation.

There are fundamental distinctions between boroughs and school districts. They are separate and independent legal entities; they operate in distinctive

---

[1] As a matter of fact, the commissioners were not in a quandary. Before and after they filed the petition for a declaratory judgment they delivered duplicates for taxes in the annexed territory to the North Huntingdon Township collector, who has since been making collections.

The commissioners also averred that "the students of the said districts cannot determine to which schools they shall be required to attend". Obviously, they had no interest in that question and no legal standing to raise it.

spheres of governmental power; and they are regulated by different codes of law. Boroughs are municipal corporations and are governed by The Borough Code. School districts are administrative bodies corporate and politic, and are governed by the School Code. *Wilson v. Phila. School Dist.*, 328 Pa. 225, 195 A. 90. An amendment to one Code does not by implication amend or repeal provisions of the other Code. *Wilkes-Barre v. P. U. C.*, 164 Pa. Superior Ct. 210, 63 A. 2d 452. Annexation of territory comprised within a school district does not automatically place the annexed area under the jurisdiction of the school authorities of the annexing municipality. *Bethlehem School Dist. Appeal*, 351 Pa. 433, 41 A. 2d 713. Whether the annexed area shall become a part of the school district of the annexing municipality, and the time when and the manner by which that change shall be effected, are subjects regulated by the School Code. The applicable statute is the School Code of 1911, as amended. The Public School Code of 1949 (Act No. 14) is not relevant to this case.

The School Code of May 18, 1911, P. L. 309, §109, as amended by the Act of May 28, 1915, P. L. 627, §3, 24 PS §29, so far as pertinent, provides: ". . . if the boundary lines of any school district are changed, by reason of the changing of the boundary lines of any . . . borough, [or] township, . . . then, in any such case, the change so far as it relates to school districts or school affairs, shall take effect at the beginning of the first school year after . . . such change in boundary lines [is] permanently effected." In the words "permanently effected" is legislative recognition that an annexation ordinance may not be final, and that until complaints and appeals are settled, or the time for filing or taking them has expired, there is a possibility that the new boundaries may not stand. The effect of the section is to preserve, at all events, the existing status and authority of the school districts until the

school year commencing after the final decision of the court of last resort or until the time for taking appeals has expired.

Even then the change may not occur. The borough school district is a district of the fourth class; the township school district is in the third class. The School Code, supra, as last amended by the Act of May 29, 1931, P. L. 243, §1, 24 PS §121, after providing the method of submitting the question to the State Council of Education, lays upon it the duty to "determine whether . . . change in the boundaries of an existing school district of the fourth class, is necessary, and whether the welfare of the pupils within the territory affected thereby will be promoted by . . . change in the boundaries of such existing district. . . . If, in the judgment of the council, the said application should not be granted, . . . the boundaries of the existing school districts shall remain unchanged". "This section of the Act", said the Supreme Court in *Bethlehem School Dist. Appeal*, supra, p. 436, "makes it clear that the legislature did not intend that mere physical annexation alone would change the boundaries of existing school districts of the fourth class. On the contrary, it could not have made more emphatic that approval of the State Council of Education is necessary to accomplish such a change."

Moreover, the School Code, supra, §101, as last amended by the Act of April 24, 1929, P. L. 642, §1, 24 PS §21, provides that when "a part of the school district remaining after its separation [by an annexation], would constitute a fourth class school district, . . . it shall remain a part of the school district to which it formerly belonged, unless or until the change to a new school district is approved by the State Council of Education as hereinafter provided". We have no means of determining whether the annexation reduced the township school district from the third class to the fourth class. Clearly, under the School Code, the decision is

exclusively committed to the State Council of Education, and only it can determine the ultimate effect of the annexation upon the school districts concerned.

A decision by the court below could not settle or terminate the controversy, and so its dismissal of the petition was proper. Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, §6, as amended, 12 PS §836.

Affirmed at appellants' costs.