## Sugarloaf Township School District v. Conyngham Borough (No. 2)

Before Valentine, P. J., Aponick and Pinola, JJ.

*Leroy Long*, for School District of Sugarloaf Township.

*John E. Cotsack*, for Borough of Conyngham.

PINOLA, J., September 18, 1950.—On July 7, 1950, Conyngham Borough filed to the above term and number a certified copy of an ordinance annexing a section of Sugarloaf Township adjacent to and west of the borough.

On August 4, 1950, the School District of Sugarloaf Township filed an appeal from the ordinance, contending that it is illegal, void and unenforcible, because: (a) It is improper, unreasonable, unconstitutional, and beyond the power of the borough to enact; (b) the required procedure for annexing by petition was not followed; (c) proper notice was not given of the meeting at which the ordinance was enacted, and (d) the ordinance fails to contain a proper description of the land annexed.

At argument leave was granted to the school district to amend its appeal by adding other reasons, namely: (e) That the detachment of valuable lands will create a financial burden on the township in the maintenance of the remaining roads and highways, and on the school district in the operation of its schools, and (f) that the ordinance was enacted for a private and not a public purpose.

The borough moved to quash the appeal because: (1) No rule was obtained by the appellant, and (2) the school district is not a person aggrieved.

There is no merit to the first reason assigned.

The Borough Code of May 18, 1933, P. L. 818, sec. 1, as amended by the Act of July 10, 1947, P. L. 1621, sec. 23, 53 PS §12900, provides that:

"Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, and the determination and order of the court thereon shall be conclusive. In cases of ordinances effecting annexation of territory or laying out streets over private lands, the court shall have jurisdiction

to review the propriety as well as the legality of the ordinance."

In the absence of any requirement either of statute or rule of court, a rule need not be obtained. Of course, notice of the appeal must be given to the borough authorities. If the appeal be based on facts which the borough believes to be untrue, it may file an answer. If, as here, the appeal be based upon a question of law, even that is unnecessary.

The second reason raises two questions: (a) Is the school district "a person aggrieved"?, and: (b) Does the proceeding before the State Council of Education preclude the school district from being heard in court?

### Discussion

Annexation to a borough of adjacent territory situate in a second class township upon the petition of freeholders to the council is regulated by The General Borough Act of May 4, 1927, P. L. 519, as revised and amended by The Borough Code of July 10, 1947, P. L. 1621, 53 PS §12221, et seq. It provides, so far as here pertinent that a "borough may, by ordinance, annex adjacent land situate in a township of the second class . . . , upon petition. The petition shall be signed by a majority in number of all of the freeholders of the territory to be annexed." Id. sec. 5, 53 PS §12461. It requires:

"A certified copy of any ordinance, adopted together with a description, and a plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation, shall be filed in the court of quarter sessions of the county . . . (and) Thereupon the territory proposed to be annexed shall be a part of the borough . . ." Id. sec. 5, 53 PS §12462.

While the decision of the court in these proceedings is conclusive, as to the physical annexation of the territory to the borough, it has no effect whatsoever upon the school district of which the annexed territory was a part.

As Judge Reno pointed out in Irwin Borough Annexation Case (No. 2), 165 Pa. Superior Ct. 134, 137:

"There are fundamental distinctions between boroughs and school districts. They are separate and independent legal entities; they operate in distinctive spheres of governmental power; and they are regulated by different codes of law. Boroughs are municipal corporations and are governed by The Borough Code. School districts are administrative bodies corporate and politic, and are governed by the School Code. Wilson v. Phila. School Dist., 328 Pa. 225, 195 A. 90. An amendment to one code does not by implication amend or repeal provisions of the other code. Wilkes-Barre v. P. U. C., 164 Pa. Superior Ct. 210, 63 A. 2d 452. Annexation of territory comprised within a school district does not automatically place the annexed area under the jurisdiction of the school authorities of the annexing municipality. Bethlehem School Dist. Appeal, 351 Pa. 433, 41 A. 2d 713. Whether the annexed area shall become a part of the school district of the annexing municipality, and the time when and the manner by which that change shall be effected, are subjects regulated by the School Code."

The applicable statute is the Public School Code of March 10, 1949, P. L. 30; 1949, P. L. 1089. Under article II, sec. 227, 24 PS §2-227:

"Whenever . . . an existing school district of the third or fourth class is affected by the annexation to a city, or borough, or township, of territory included within a school district of the third or fourth class, the clerk of the courts or other proper officer shall,

within ten days thereafter, make a certified copy of
the petition therefor, agreement, or ordinance, and
the decree or order creating such new city, borough,
township, or independent school district, or union
school district, or of the decree of the court or vote
of the electors affecting such annexation, and mail
the same to the Superintendent of Public Instruction,
. . ."

Article II, sec. 228, 24 PS §2-228, provides:

"(a) If the . . . part of a school district remaining after the separation would constitute a school district of the third or fourth class, the receipt of said certified copy shall be deemed an application for the creation of a new school district of the third or fourth class or change in the boundaries of an existing school district of the third or fourth class, and the Superintendent of Public Instruction shall, within sixty days thereafter, cause the State Council of Education to be convened. The council shall thereupon consider such application and determine whether such new school district or independent school district, or union school district, or change in the boundaries of an existing school district of the third or fourth class, is desirable, and whether the welfare of the pupils within the territory affected thereby will be promoted by the creation of such district or change in the boundaries of such existing district.

"(b) If the council shall approve such application, it shall certify its findings and its approval of such new district or change in such existing district thereon, and transmit a certified copy thereof to the clerk of the courts or other proper officer from whom the application was received, who shall file the same in such original proceedings, whereupon the new city, borough, or township will become a new school district of the third or fourth class, or the school district of

the third or fourth class remaining after such annexation shall constitute a separate school district as so changed.

"(c) If, in the judgment of the council, the application should not be granted, it shall endorse thereon 'not approved', and transmit a certified copy thereof to the clerk of the courts or other proper officer from whom the application was received, who shall file the same in the original proceedings. In such event, the boundaries of the existing school districts shall remain unchanged: Provided, The State Council of Education may, for cause shown, upon subsequent application by ten taxables of a school district of the third or fourth class not coterminous with a city, borough, incorporated town, or township, vacate such refusal, and may approve the creation of such new district of the third or fourth class or change in boundaries of an existing district of the third or fourth class, and thereupon the same proceedings shall be had as herein provided upon the original application and with like effect."

In Bethlehem School District Appeal, 351 Pa. 433, 436, referring to a similar section contained in the School Code of 1911, the court declared:

"This section of the Act makes it clear that the legislature did not intend that mere physical annexation alone would change the boundaries of existing school districts of the fourth class. On the contrary, it could not have made more emphatic that approval of the State Council of Education is necessary to accomplish such a change."

And, in Irwin Borough Annexation Case (No. 2), 165 Pa. Superior Ct. 134, Judge Reno said (p. 139):

"We have no means of determining whether the annexation reduced the township school district from the third class to the fourth class. Clearly, under the

School Code, the decision is exclusively committed to the State Council of Education, and only it can determine the ultimate effect of the annexation upon the school districts concerned."

Such being the case, has the school district the right to appeal?

In North Braddock Borough's Annexation Case, 126 Pa. Superior Ct. 53, the court held Versailles Township to be a "person aggrieved" by the passage of an annexation ordinance. Since in Commonwealth v. Pittsburgh School District Appeal, 343 Pa. 394, the court held that a school district is a body corporate belonging to the same class of quasi corporations to which counties and townships belong, it would follow that it is "a person" within the intent of the act and, if aggrieved, it should be entitled to the right of appeal from the ordinance.

In North Braddock Borough's Annexation Case, 126 Pa. Superior Ct. 53, 65, where the school district had not appealed, appellant contended that evidence of the effect upon the school district was not admissible. The court said (p. 65):

"While the School District is a separate corporate entity for the administration of the functions committed to it, yet the interests of the Township and the School District are so corelated, that whatsoever may injure the one also affects the other, we believe the evidence as to the effect upon the School District was competent in the consideration of the propriety of the proposed annexation."

And, in Irwin Borough Annexation Case (No. 1), 165 Pa. Superior Ct. 119, Judge Reno reaffirmed this proposition, saying (p. 134):

"Appellees have asked us to declare that the evidence shows that the school district of the township

will be seriously hampered by the annexation. They contend that the district will lose annual revenue of approximately $25,000, about one-seventh of its usual revenue, while its schools will lose only 105 students, approximately one-nineteenth of its total enrollment. This was a relevant factor in the exercise of the court's discretion. North Braddock Borough's Annexation case, supra. The court below did not discuss this point, believing that the matter was confided solely to the State Council of Education. Since the question did not enter into the decision upon the propriety of the annexation, we shall not comment upon it."

If a township, in its appeal, may show the effect of annexation upon the schools in order to influence the judgment of the court on the propriety of the annexation, there is no reason why the school district itself should not be allowed to show it.

The question of the propriety of the annexation is for the court, and if the school district chooses either to oppose or approve the annexation and to try to persuade the court on the subject, it should have the opportunity. And, such right is not to be denied merely because the final decision is to be made by the State Council of Education. Before that body the school district has no right to be heard and from its action the school district has no right of appeal, although under section 228(c) upon subsequent application of ten taxables of the school district the Council of Education may vacate its refusal to approve any annexation.

In our opinion, the school district is aggrieved as soon as proceedings are initiated which, when completed, result in injury to it either financially or otherwise. There is no doubt that it is a "person" and we are satisfied that it is a "person aggrieved".

Accordingly, we enter the following

*Order*

Now, September 18, 1950, the motion of Conyngham Borough to quash the appeal of the School District of Sugarloaf Township is denied.