Derry Township School District Appeal.

416

Argued November 14, 1950. Before HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*Joseph M. Loughran,* for appellant.

*Henry E. Shaw,* with him *Scales & Shaw,* for appellee.

OPINION BY RENO, J., March 12, 1951:

The School District of Derry Township appealed from an order of the court below sustaining an ordi-

nance of the Borough of Derry annexing adjacent land in the township, enacted pursuant to the General Borough Act of May 4, 1927, P. L. 519, §425, as amended and revised by the Borough Code of July 10, 1947, P. L. 1621, §5, 53 P.S. §12461.

I. A petition in proper form and containing the signature of the required number of freeholders of the territory to be annexed was presented to the borough council which enacted an ordinance on July 19, 1948, a certified copy of which was duly filed in the court below. Code, supra, §426, 53 P.S. §12462. It developed that two councilmen had not filed certificates of election and oaths of office, and, pursuant to an agreement of counsel for the borough and the school district, the court below, for that reason only and without passing upon the merits of the proceeding, decreed that the ordinance was "set aside and declared inoperative, of no effect and null and void." Nineteen days later the same petition, supplemented with a new affidavit, was again submitted to the council which enacted the ordinance which is the subject of this litigation.

Appellant's first contention is that the second ordinance is invalid because it was founded upon a petition which had become functus officio when the court invalidated the first ordinance. "Functus officio" is a robust, sonorous Latin phrase without precisional legal connotation. Literally it means, "having discharged his duty." 37 C. J. S. p. 1401. Practically, it describes a legal document which has fulfilled its purpose and has hence spent its force and lost its motive power, as where a judgment has once been entered upon a confession and warrant, a subsequent judgment cannot be entered even if the purpose is to correct an error in the first judgment. *Harr v. Furman*, 346 Pa. 138, 29 A. 2d 527. However, in that case the confession and warrant were effective to produce a judgment, which

was valid, and was amended by leave of court. But here the petition, when first presented, did not serve its purpose; it did not procure an ordinance. What it produced was, by the school district's own admission, nothing, a nullity, an abortive ordinance. The petition could lose its motive force only when a legally qualified council passed upon it, and either rejected it or enacted an annexation ordinance. It is not contended that the petition was defective in form or substance; its validity was not questioned in the proceedings on the first or second ordinance; and, although the first ordinance was pronounced dead, the petition survived, and was available for further action by a legally constituted council within a reasonable time.

II. The annexed territory contained 246 freeholders; the Code requires that a majority, or 124, sign the petition; 211 signed it. Prior to the enactment of the second ordinance 41 signers requested permission to withdraw their names from the petition. Had permission been granted, 170 signers would have remained on the petition, a clear majority. Whether the 41 were entitled to withdraw is therefore irrelevant, and that question is not decided. Certainly, withdrawals, would not invalidate the petition so long as sufficient freeholders remained upon it.

III. The Code, §426, supra, 53 P.S. §12462 requires that "a description, and a plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation" be filed with the certified copy of the ordinance.

The area which is the subject of these proceedings is north of the borough. During the pendency of this proceeding an area on the eastern side of the borough, known as Reedville, was annexed. The Reedville annexation was ordained subsequently to the instant annexation and naturally the description and plot filed

do not show the Reedville territory as part of the borough. This in no way renders the description and plot inaccurate. "The office of the description and plot is to furnish means whereby the annexed land and the boundaries of the borough can be identified. Minor discrepancies may be disregarded . . . but the description and the plot must together definitely fix the boundaries with reasonable certainty . . .": *Irwin Borough Annexation Case (No. 1)*, 165 Pa. Superior Ct. 119, 125, 67 A. 2d 757. Had petitioners included the Reedville area in the description it would have been premature, and in any event the borough's boundaries can be ascertained with reasonable certainty and accuracy.

IV. While we are authorized to review the finding of the court below upon the propriety of the annexation, we reverse only upon a showing of a manifest abuse of the discretion vested in it. *Irwin Borough Annexation Case (No. 1)*, supra.

In an excellent opinion, Judge McWHERTER, writing for the court en banc, carefully reviewed the testimony, comprehensively analyzed the several contentions, and based the final decision upon unassailable grounds. No abuse of discretion has been shown, and there is no need for another review of the testimony.

The school district, as such, was without legal interest in many of the questions canvassed and decided by the court below, and consequently could not be heard upon them here or below. It is "a person aggrieved", within the meaning of the Code, supra, §1010, 53 P.S. §12900, only to the extent of the powers conferred upon it and the interests confided to its care by the school laws of the Commonwealth. Thus it has no interest in the questions relating to sewage disposal unless its school buildings are directly affected. On the other hand, it does have a real and substantial interest in the alleged diminution of its tax revenue as

a consequence of the annexation. The findings of the court below upon that subject are: "10. That the finances of the School District of Derry Township are in sound condition, the amount in the sinking fund exceeding the outstanding bonded indebtedness by $6000.00. 11. That the loss of approximately 3.2% of its present revenue by the School District of the Township of Derry will not seriously impair its facilities." The findings are completely supported by competent evidence, and provide a firm base for the court's conclusion: "From the standpoint of propriety the loss to the Township School District of 3.2% of its revenue should not defeat the will of 80% of the freeholders in the territory proposed to be annexed and the will of the people of Derry Borough as expressed through their Council." We cannot discover an abuse of discretion in the disposition of appellant's contention in that regard.

Whether the school district will actually suffer the fiscal and other disadvantages it envisages will depend, finally, upon the action of the State Council of Education, which under the Public School Code of March 10, 1949, P. L. 30, §§226-228, 24 P.S. §§2-226-228, is charged with the duty of determining whether a "change in the boundaries of an existing school district of the third or fourth class, is desirable, and whether the welfare of the pupils within the territory affected thereby will be promoted by the . . . change in the boundaries of such existing district." The borough school district is in the fourth class; the township is a school district of the third class; and the State Council is abundantly authorized to safeguard the interests of appellant, notwithstanding the action of the court below. *Irwin Borough Annexation Case (No. 2),* 165 Pa. Superior Ct. 134, 67 A. 2d 765.

Appellant's remaining complaints are devoid of merit and require no discussion. Since we have considered the merits of the appeal the borough's motion to quash is dismissed pro forma.

Order affirmed at appellant's costs.