## Mischler et al. v. Springfield Township School District et al. (No. 2)

*S. Y. Rossiter,* for complainants.
*Bryan, Joslin & Bryan,* for respondents.

EVANS, P. J., December 19, 1951.—This matter is before us on exceptions to a decree of the chancellor dismissing a bill in equity seeking an injunction to restrain defendants from functioning or acting as a consolidated union school district: 80 D. & C. 176.

We affirm the chancellor's findings of fact and conclusions of law without repetition, but feel in view of the earnest argument on the exceptions filed that some further discussion in support of the decree entered is in order.

The Act of May 29, 1931, P. L. 243, outlines the procedure which must be followed. whenever a new school district is to be created by: (a) The creation of a new city, borough, township, or independent school district; (b) when an existing district of the fourth class is affected by the annexation to a city or borough or township of territory included within a school district of the fourth class; (c) the consolidation of two or more districts as a union district. The Act of May 26, 1933, P. L. 1067, applies specifically and exclusively

to procedure to be followed in (c) above, where consolidation of two or more districts is to be had.

The Act of 1931, supra, remained in force as to situations described in (a) and (b) above, and was therefore necessarily considered and applied in the case of Bethlehem School District Appeal, 351 Pa. 433, because the facts in that case come within classification (b). The procedure under the Act of 1933, supra, was followed in this case, and that act provides: ". . . whenever any union district shall be formed as *herein provided*, such district shall become a union school district on the first Monday in July after it has been formed."

It is conceded that both acts here discussed stem from and follow other amendments to the Act of May 18, 1911, P. L. 309, entitled an act "To establish a public school system in the Commonwealth of Pennsylvania". The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §575 provides "whenever two or more amendments to the same provision of a law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each. If the amendments be irreconcilable, the latest in date of final enactment shall prevail from the time it becomes effective".

Here there is a positive repugnancy between provisions of separate laws enacted at different sessions of the legislature and the earlier provision is impliedly repealed: Rankin v. Chester Municipal Authority, 165 Pa. Superior Ct. 438.

In our opinion, the School District of the Township of Springfield is an effective municipal body functioning legally as of the first Monday in July 1949, after an affirmative electoral vote of the people and the approval of the Department of Public Instruction.

*Final Decree*

Now, to wit, December 19, 1951, the exceptions filed June 19, 1951, are dismissed, and the bill is dismissed at the cost of plaintiffs.