## Montgomery Township Annexation

*Wisler, Pearlstine, Talone & Gerber*, for School Board.

*Foulke, Foulke, Knight & Porter*, for Supervisors.

*Aaron S. Swartz, 3rd*, for Borough of Lansdale.

KNIGHT, P. J., February 3, 1955.—These proceedings came before the court en banc by virtue of pre-

liminary objections to complants filed under the provisions of the Act of July 20, 1953, P. L. 550.

Pursuant to the provisions of the above act certain freeholders in Montgomery Township petitioned the Borough of Lansdale for the annexation of the territory in which they resided. On November 4, 1954, the Council of the Borough of Lansdale enacted ordinance no. 492, approving the petition, and on November 10, 1954, filed a copy of the petition and ordinance duly certified in this court. Between November 10 and December 10, 1954, the above-captioned complaints were filed in this court by aggrieved persons. Counsel for the Borough of Lansdale then filed preliminary objections to each complaint. The School District of Montgomery Township and the township itself then countered by filing motions to strike off the preliminary objections.

The first and most important question before us is whether preliminary objections may be filed to these complaints. This question is raised specifically by the motions to strike off the preliminary objections.

This proceeding is purely statutory and there is nothing in the statute which provides for the filing of preliminary objections to a complaint or which would justify the filing of such objections.

This court has held that in acts of assembly similar to the one under consideration, the legislature has not used the word "complain" in its narrow and technical sense to indicate the label to be attached to an initial pleading in an adversary proceeding, but rather in its general sense of to object or express discontent: Bryn Athyn Borough Ordinance, 40 Municipal Law Reporter 181 (1948).

We so construe the word "complain" as used in the act under consideration, and the rules of pleading in the usual adversary proceedings such as assumpsit or trespass do not apply.

The burden of the preliminary objections is that complainants do not say how or in what manner they are aggrieved and that without this knowledge the borough and petitioning freeholders cannot prepare to answer the arguments and contentions of the complainants.

We have examined the petition of the freeholders for annexation and the ordinance approving the same and the only reason given why the annexation should be effected is that it would be "conducive to the health, safety and welfare of the Borough of *Lansdale* and its citizens". If it is important for the borough to know why complainants object to the annexation at this early stage of the proceedings, it would seem that it is just as important for the complainants to know why the freeholders believe that the annexation will benefit them.

In fact, it would seem to be more important to set forth reasons for the proposed annexation than reasons against it for the court in the first instance must, under the act, determine and be satisfied as to the legality of the proceeding and the propriety of the annexation as serving public interests. How the court is to determine these things on the meager facts set forth in the petition and ordinance is hard to understand. Under section 3 of the act when a complaint is filed, the court must appoint a commission to study the facts and report their findings to the court.

Section 4 of the act sets forth in some detail the facts the commission is required to consider and report on. A study of section 4 will inform petitioners and the borough what contentions they will have to meet before the commissioners.

The industry of counsel and our own limited research has failed to disclose one case in which the question before us has been discussed or decided under

the provisions of the Act of 1953 or any similar act dealing with annexations. There have been many cases involving annexations reported in the books and this lack of precedent is persuasive that the right to file preliminary objections, or rule for a bill of particulars or for a more specific complaint does not exist in these cases.

For the reasons set forth above we are of the opinion and so decide that preliminary objections may not be filed against the complaints in this case and that they must be dismissed.

There is no doubt that Montgomery Township and the individual taxpayers who have complained are aggrieved persons within the meaning of the Act of 1953, supra. To amputate a sizable section of Montgomery Township is an operation in which all taxpayers of the township are interested, for to some extent it affects them all.

The preliminary objection filed against the complaint of the School District of Montgomery Township asserts that the school district is not a person aggrieved because the boundaries of the school district will not necessarily be changed by the annexation. The appellate courts have held otherwise: Derry Township School District Appeal, 168 Pa. Superior Ct. 415; Irwin Borough Annexation Case No. 1, 165 Pa. Superior Ct. 119. See also Sugarloaf Township School District v. Conyngham Borough, 79 D. & C. 36.

In the preliminary objection filed against the school district complaint it is also stated that the complaint was not filed in time. It was actually filed on December 9th, which was within the 30-day period allowed by the law, but through an error was not marked filed until December 30, 1954. The error was not that of the school district, and it should not be penalized for something that was not its fault. Since we are dis-

missing the preliminary objections, it is unnecessary to consider the motions to strike them from the records.

And now, February 3, 1955, the preliminary objections are dismissed.