# Davis et al., Appellants, v. Borough of Crafton.

*Boroughs—Borough Act of 1915, P. L. 312—Ordinance—Appeals.*

Where an appeal has been taken to the court of quarter sessions to have a borough ordinance declared void under the provisions of section 9, article I, chapter 7, of the Act of May 14, 1915, P. L. 312 (General Borough Act), the decision of the court sustaining the ordinance is not conclusive. Under the provisions of the Act of April 18, 1919, P. L. 72, the depositions will be examined and a decision rendered on the merits by the Superior Court.

The borough may permit property owners to construct terraces, slopes and steps between the paved footway and the property line of the street; and to construct stone or cement steps between the footway and the curb. Such enactment is reasonable and in accordance with the statute conferring the authority to regulate streets and footwalks and the heights and grades, widths and slopes and forms thereof.

Argued May 3, 1920. Appeal, No. 120, April T., 1920, by plaintiffs, from the order of Q. S. Allegheny County, June Sessions, 1919, No. 1, sustaining borough ordinance In re Appeal of Annie Davis, W. A. McCullough and L. J. Kinsey from Ordinance No. 572 of the Borough of Crafton. Before PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to have borough ordinance declared null and void. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Petitioners appealed.

*Error assigned* was the order of the court.

*M. H. Stevenson,* for appellants.—The borough had no authority to pass the ordinance: Com. v. Harris, 10 W. N. C., p. 15, col. 1; Com. v. Kembel, 30 Pa. Superior

Ct. 206; Lesley v. Kite, 192 Pa. 268; Fey's App., 68 Pa. Superior Ct. 42; Penna. R. R. Co.'s Case, 213 Pa. 373; Hawkins v. Pittsburgh, 220 Pa. 7; Imp. Co. v. Pittsburgh, 234 Pa. 486; Murdock v. Pittsburgh, 243 Pa. 573; Commonwealth v. Moorehead, 118 Pa. 354; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418; Com. v. Mervis, 55 Pa. Superior Ct. 178; Livingston v. Wolf, 136 Pa. 519.

*John Rebman, Jr.,* and with him *Robert S. Chess,* for appellee, cited: Com. v. Beaver Borough, 171 Pa. 543; Com. v. First National Bank of West Newton, 207 Pa. 255; Livingston v. Wolf, 136 Pa. 519; Braucher v. Somerset Borough, 58 Pa. Superior Ct. 130; Welsh's App., 22 Pa. Superior Ct. 392.

OPINION BY LINN, J., July 14, 1920:

Under section 9, article I, chapter 7 of The General Borough Act (1915 P. L. 312), appellants applied to the quarter sessions to have ordinance No. 572 of the Borough of Crafton declared void; the court sustained the ordinance and the record was brought here. The decision below is not conclusive; we have therefore examined the record including the depositions brought up, (In re Hand, 266 Pa. 277, 280) and find no error.

Appellants severally own three adjoining lots with buildings fronting on the west side of South Linwood avenue. By ordinance No. 548 approved June 21, 1916, the borough reëstablished the grade of the avenue and fixed the width of the sidewalks at twelve feet with three grades, "one grade" as averred in the petition, "at the west curb, one four feet in from the face of the curb, and another at the property line......" No complaint is made concerning this ordinance, nor could it be made in this proceeding. By ordinance No. 550 approved the same day, and reciting that "a majority of the owners of property in interest and number abutting on said avenue between the said points have petitioned the bor-

ough council to enact" it, the grading, paving and curbing of the avenue was ordained to the grades established by ordinance No. 548. The work was finished in November, 1916. A footway, four feet wide was paved in the sidewalk at the grade "four feet in from the face of the curb."

Doubtless to facilitate access to and from the paved footway from the other two grades prescribed by ordinance No. 548, the borough enacted ordinance No. 572 approved April 29, 1919; this is the ordinance complained of by these three property owners. Its preamble recites the custom in the borough "to use, for the construction of terraces and steps part of the sidewalk adjacent to the property line and not occupied by the footwalk in such sidewalks" and enacts permission to all property owners on the avenue between the termini of the improvement (1) to construct terraces, slopes and steps between the paved footway and the property line and (2) to construct stone or cement steps between the footway and the curb.

We assume, without deciding that appellants are parties aggrieved, entitled to make this complaint.

A proper interpretation of the ordinance would seem to limit the steps to such as are reasonably necessary to afford access to and from the paved footway and to permit such terraces and slopes as are not inconsistent with the general uses and purposes of the improvement. The statute confers authority "to regulate streets......footwalks......and the heights, grades, widths, slopes and forms thereof......," section 2, article I, chapter 5, P. L. 322. We may not interfere with reasonable municipal legislation on the subject: Livingston v. Wolf, 136 Pa. 519; Com. v. Beaver Borough, 171 Pa. 542; Com. v. Bank, 207 Pa. 255. A borough may establish a different grade for a sidewalk from that of the street: Braucher v. Somerset, 58 Pa. Superior Ct. 130; Act of July 7, 1919, P. L. 732.

Nothing has been brought to our attention indicating that the ordinance No. 572 is unreasonable or otherwise void.

The order is affirmed at the cost of appellants.