## Shaheens' Liquor License Case.

Argued May 7, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, HIRT and KENWORTHEY, JJ.

6

*Harry Alan Sherman,* for appellants.

*Andrew G. Uncapher,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

PER CURIAM, June 30, 1941:

On June 8, 1940 Albert Shaheen filed with the Pennsylvania Liquor Control Board an application for the transfer of a restaurant liquor license and amusement permit for premises No. 1111 Federal Street, Pittsburgh.

On June 20, 1940, the same Albert Shaheen and Margaret Shaheen, his wife, filed with the Pennsylvania Liquor Control Board an application for transfer of a restaurant liquor license for premises No. 1111 Bingham Street, Pittsburgh, a different place and license.

A joint hearing on these applications for transfer was held before an examiner of the Pennsylvania Liquor Control Board on August 6, 1940. On August 20, 1940 the board notified Albert Shaheen that his application for transfer of license, etc. had been refused because of five arrests of the applicant between 1935 and 1939, and also because they felt he was not a worthy person to hold a liquor license in view of the manner in which he had conducted two places for which he had previously had licenses.

On the same day the board notified Albert Shaheen and Margaret Shaheen, his wife, that their application for transfer of license for the other place had been refused for the same reasons.

They took one appeal from both orders to the Court of Quarter Sessions, No. 233 June Sessions, Miscellaneous Docket, 1940. This was highly irregular. An appeal should have been taken by the respective applicants from each order of the board.

On October 21, 1940, the court, MARSHALL, J., entered an order refusing both transfers, and filed an opinion, in which the following, *inter alia,* appeared:

"It is claimed that the action of the Board was arbitrary, illegal and unjust.

"We have heard the testimony on the case and have a transcript of the hearing held in Pittsburgh on Thursday, April 27, 1939. Having read this testimony and having heard the evidence in court, we are not convinced that the Board was arbitrary or unreasonable . . . . . .

"For a man to apply for one license in his name and one in the name of himself and wife creates a situation where you have a man trying to take an interest in two places, but, irrespective of that, we do not believe that Mr. Shaheen has proved himself worthy of being entrusted with another license."

Albert Shaheen and Margaret Shaheen, his wife, appealed to this court.

Section 404 of the Act of November 29, 1933, Special Session, P. L. 15, as amended by Act of June 16, 1937, P. L. 1762, authorizing appeals to the court of quarter sessions from orders of the Liquor Control Board refusing the issuance or transfer of a liquor license provides: "There shall be no further appeal."

Any appeal to this court from the action of the court of quarter sessions on such appeal is a certiorari in its strictest and narrowest sense: *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213, and

"our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings": *Grime v. Dept. of Public Instruction,* 324 Pa. 371, 375, 188 A. 337: *Board of Undertakers v. Frankenfield et al.,* 329 Pa. 440, 443, 198 A. 302.

Undoubtedly the court below had jurisdiction; and on their face the proceedings were regular, except for the error of the applicants in taking one appeal from two separate orders refusing applications for two different transfers. That was their own act for which they alone are responsible. But one appeal was likewise taken to this court, although the opinion and order of the court below expressly applied to both applications for transfer. We might quash the appeal for this irregularity; but as we would have permitted counsel to elect which of the two applications the appeal should apply to (*Betts v. Y. M. C. A. of Erie,* 83 Pa. Superior Ct. 545, 547; and *Betts v. Y. M. C. A.,* 88 Pa. Superior Ct. 568), if our attention had been called to the matter, we shall consider it as limited to the application made by both appellants.

Appellants assert that no hearing was had in the court below. In view of the statement of the court in its opinion that it *"heard the testimony in court,"* we cannot accept any such assertion. If any error in the *record* was alleged, there was a legal and orderly way to have it corrected. It cannot be done by assertions to the contrary in appellants' brief. Whatever testimony was taken in the court below was not taken stenographically or transcribed.

We have before us, therefore, only the record proper, which on its face shows no irregularity in the proceeding, beyond that above referred to, of which appellants cannot take advantage, as it was their own doing.

That being the case and the court below having full jurisdiction of the proceeding, the appeal must be dismissed.

Appeal dismissed.