## Blair Liquor License Case.

Argued December 13, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles S. Schermer,* for appellant.

*J. Myron Shimer,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *James H. Duff,* Attorney General, for appellee.

OPINION BY RENO, J., January 18, 1946:

Appellant holds a restaurant liquor license in the Frankford section of Philadelphia. He applied to the Liquor Control Board for the transfer of his license to the northeast corner of Watts and Manning Streets, a point in the central area of the city, seven miles from his present location. The board heard, inter alia, the adverse testimony of protesting neighbors and Philadelphia police authorities, and, holding that there were sufficient licensed establishments in that area to meet all legitimate demands, it refused the application. On appeal to the court below, further testimony was received, and it affirmed the board. The applicant appealed to us.

Appellant concedes in his brief that he is "before this court on a certiorari in its most restricted sense", and that "appellate review, therefore, is limited to the question of jurisdiction and the regularity of the proceedings." Nevertheless, he urges us to examine the evidence and to find that the board and the court exceeded their jurisdiction by improperly exercising their discretion, and, paradoxically, also to hold that no discretion is lodged in, or constitutionally conferred upon, the board.

The Liquor Control Act of June 16, 1937, P. L. 1762, §408, 47 PS §744-408, provides that upon the refusal of the board to transfer a license the applicant may ap-

peal to the court of quarter sessions, and: *"The action of the court of quarter sessions shall be final."* (Italics supplied). Construing a similar provision in *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 285, 200 A. 213,[1] this court, following *Grime v. Department of Public Instruction,* 324 Pa. 371, 188 A. 337, and other cases, held: ". . . where the statute expressly denies an appeal from the order of the court below or it is provided that the action of the court below shall be final, appellate review, by way of certiorari, will be limited to the question of jurisdiction and the regularity of the proceedings." This is the rule to which appellant refers in his brief; nevertheless he vigorously contends that under it we are required to examine the evidence and the opinion of the court below on this appeal; that the refusal in the *McGettigan* case to do so resulted from this court's misunderstanding of the *Grime* case; and that, in all events, the *McGettigan* and the *Grime* cases have been overruled by the latest pronouncement on the subject by the Supreme Court in *Bauman Election Contest Case,* 351 Pa. 451, 41 A. 2d 630.

President Judge KELLER, who wrote, and his associates who approved, the opinion in the *McGettigan* case, had not the slightest difficulty in understanding the *Grime* case. In the *Grime* case the appellants appealed from the action of the State Board of Undertakers to the Court of Common Pleas of Dauphin County which affirmed the board. The statute under which the board operated provided that the action of that court should

---

[1] The *McGettigan* case has been followed by numerous decisions and many of them are collected in *Kimmell Liquor License Case,* 157 Pa. Superior Ct. 59, 41 A. 2d 436. It was cited with approval by the Supreme Court in *First Baptist Church of Pittsburgh v. Pittsburgh,* 341 Pa. 568, 573, 20 A. 2d 209. It was decided in 1938, and although the General Assembly has held four regular sessions since that date it has not enacted legislation to change the decision, or to alter the conditions which President Judge KELLER unerringly predicted (p. 286) would result from the continued denial of appeal to a court possessing state-wide jurisdiction.

be final. The Attorney General moved to quash the appeal, asserting that the appeal was barred by the act. The Supreme Court held (p. 375) : "Where a statute is silent on the right of appeal this Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings." Under that ruling, the Supreme Court had power to review the case upon certiorari, and accordingly the motion to quash was dismissed; and it affirmed the judgment of the court below solely because, as we shall demonstrate, it found that that court had jurisdiction. Proceeding further, the Supreme Court held that the court below was (p. 377) "the judicial tribunal given exclusive jurisdiction of appeals" from the board, and that (p. 378) "even if its [the court below] construction of the statute had been erroneous, it is the final court of appeal in such matters." It also found that (p. 378) : "This appeal was within the scope of that [its] authority and consequently *the court below* had full and complete jurisdiction to pass upon the interpretation of the statute by the Board." (Italics supplied). Having thus determined the only question before the court upon the certiorari, which, as the text quoted indicates, was a narrow or restricted, not a broad, certiorari, the Supreme Court, *"to avoid future conflicts,"* proceeded to *"discuss* appellants' contention",* which related, not to the subject of jurisdiction and the regularity of proceedings, but to the merits of the controversy. (Italics supplied). This part of the opinion must be read, as the Supreme Court clearly intended it to be understood, as a discussion, not a decision, of a complicated legal question unrelated to jurisdiction and not regularly before the court. This might furnish authorization for us to do likewise on a suitable occasion, but it certainly is not a precedent requiring us to consider more than ju-

risdiction and the regularity of the proceedings in cases of this kind.

The *Bauman* case is an example of the broad, as distinguished from the restricted or narrow, type of certiorari. It is one of a long line of cases, some of which are cited in the opinion, in which the Supreme Court upon certiorari has considered more than the question of jurisdiction and the regularity of the proceeding, and has held: ". . . *in this class of cases* [mostly election cases], in passing on the regularity of the record, findings of fact contained in the opinion of the court below may be considered so far as they concern fundamental questions": *Smith's Petition,* 292 Pa. 140, 142, 140 A. 854. (Italics supplied). As a result of the two distinct and different lines of cases, of which the *Grime* and the *Bauman* cases are representatives, appellate review in Pennsylvania upon certiorari may be restricted or broad in scope, depending into which category the instant case falls. The *Bauman* case did not overrule either the *Grime* or the *McGettigan* case.

This court has also recognized the distinction, and has proceeded upon it, in decisions construing the Liquor Control Act. Thus, in *Com. v. Hildebrand,* 139 Pa. Superior Ct. 304, 308, 11 A. 2d 688, involving the *revocation* of a liquor license, and a section of the Liquor Control Act which was *silent* on the subject of appeals, this court, quoting the *Grime* case, reviewed "the case in the broadest sense allowed on certiorari", and considered the evidence to determine whether the court below committed an error of law or abused its discretion. In this case, as in the *McGettigan* case, for the reasons stated, the appeal must be considered upon a narrower or restricted certiorari.

To quote again his own language, and adopting it as our conclusion, appellant is here "on a certiorari in its most restricted sense", and our review "is limited to the question of jurisdiction and the regularity of the proceedings". Pursuing our duty within the boundaries

of our province, we have examined the record, and have found that the court below had jurisdiction and that its proceedings were regular.

Order affirmed.