# East Side Democratic Club Liquor License Case.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Edmund P. Hannum,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*E. Allen Doty,* for appellee.

OPINION BY BALDRIGE, P. J., January 17, 1947:

The Liquor Control Board, after a hearing, found that the East Side Democratic Club, located at 738 East Chelten Avenue, Philadelphia, (1) was not a bona fide organization operating for the mutual benefit of its entire membership; (2) failed to adhere to its by-laws; (3) neglected to keep complete and truthful records; and (4) sold liquor, malt or brewed beverages to non-members, and accordingly revoked the license.

The licensee appealed to the court of quarter sessions where the case was heard de novo. The court, after reviewing the testimony, concluded that the board's findings were not supported by substantial evidence, set them aside and in substance substituted its own and held that the license of the club was improperly revoked and reinstated it.

This appeal was taken by the Liquor Control Board. The sole issue raised in its statement of question involved is that a distribution of the major portion of the assets of the club to a small minority of its members established the club was not properly conducted, as it

was operated for the mutual benefit of but some of its members.

It is unnecessary, therefore, for us to give consideration to any of the other charges (*Commonwealth ex rel. Kolish v. Kolish,* 154 Pa. Superior Ct. 591, 36 A. 2d 857) although our study of this record discloses they are devoid of merit as the evidence was far from substantial, showing but slight, if any, infractions of law. The court had ample power under the evidence to find that no such violations took place.

There were two types of membership in this club, (1) active and proprietary, and (2) social. In the spring of 1945 there were 17 members of the first class in a total membership of approximately 400. Between July and October 1944 a total of $8,875.68 was distributed by checks to 8 of the 10 then active or proprietary members of the club. The court upon sufficient evidence found as follows: "The money thus distributed was realized from the sale of a piece of real estate and of some securities. The uncontradicted testimony of a number of reliable witnesses establishes the fact that the [8] recipients of the sums, ranging from $664.64 to $1,329.28, had rendered valuable services to the Club and had earned the amounts they received. It is clear that these payments, which were made by check and in accordance with a resolution adopted unanimously, though informally, at a meeting attended by all the active members of the Club, were not excessive or otherwise improper." There was evidence that the services rendered were for tending bar, and doing plumbing and carpenter work, etc., in connection with the remodeling of the club's premises, and that after these payments were made there remained substantial assets belonging to the club. There was no contention that the members intended to cease operating as an organization or to abandon the club's charter rights.

The court of quarter sessions had power to either approve the findings of the board, or set them aside and make its own, providing the facts supported the ultimate findings. An appeal from an order of the board revoking a license comes under section 410 of the Liquor Control Act of 1933, November 29, P. L. 15, as reënacted and amended by the Act of 1937, June 16, P. L. 1762, 47 PS §744-410, which provides that if a license is revoked by the board, the licensee "shall have the right to appeal to the court of quarter sessions. . . ." It is silent on the right of a further appeal. This section is distinguished from section 404, which governs appeals from the refusal to initially grant a license, and specifically provides "there shall be no further appeal" from the court's order.

In *Grime et al. v. Department of Public Instruction of Commonwealth of Pennsylvania et al.,* 324 Pa. 371, 188 A. 337, it is stated, p. 375: "Where a statute is silent on the right of appeal this Court may review the case in the broadest sense allowed on certiorari; but where an appeal is expressly denied or it is provided that the action of the court below shall be final, our appellate review will be limited to questions of jurisdiction and those relating to the regularity of the proceedings."

In our review of this record we may consider, therefore, the findings of fact so far as they concern fundamental questions, determine if there is evidence to support the order appealed from, and whether the court below committed an error of law or abuse of discretion: *Mami's Liquor License Case,* 144 Pa. Superior Ct. 285, 19 A. 2d 549. If the lower court, in passing upon the facts before it, had revoked the license we would have upheld its order. The factual issues, however, are not for our determination. They were for the court of quarter sessions, who saw and heard the witnesses (*Young Men's Republican Club License Case,* 125 Pa. Superior

Ct. 486, 190 A. 527), and we are bound by its findings as they are based upon sufficient evidence. We are satisfied the lower court did not commit any error of law, or abuse its discretion. We, therefore, cannot disturb its action.

The decree of the court below is affirmed at appellant's costs.