## Ontelaunee Township Annexation Case.

Argued October 2, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John S. Rhoda,* with him *Body, Muth, Rhoda & Stoudt,* for appellant.

*George B. Balmer,* with him *Carl F. Mogel* and *Snyder, Balmer & Kershner,* for appellees.

OPINION BY RENO, J., November 12, 1952:

Pursuant to The General Borough Act of May 4, 1927, P. L. 519, as revised and amended by The Borough Code of July 10, 1947, P. L. 1621, §§425, 426, 53 P.S. §12461, et seq., and upon the petition of the requisite number of freeholders in the territory, the Borough of West Leesport enacted an ordinance annexing 281.36 acres of land situate in the adjacent Township of Ontelaunee, a township of the second class. The Township and several individuals appealed to the court below which dismissed their appeals, and the Township brought the case to this Court.

I. The annexing ordinance is dated June 12, 1950. On that date the freeholders' petition was presented to a meeting of the borough council. The Township contends that at that meeting the council merely accepted

the petition and that the words "and annex the land described therein", appearing on the minutes, were inserted at the next meeting. The council's secretary testified that the annexing ordinance was physically presented to and read at the first meeting and enacted by it, and that the interpolation in the minutes of that meeting was authorized by the succeeding meeting at the suggestion of the solicitor. The ordinance was duly enrolled in the ordinance book and advertised. The court below found that the amended minute was a correct statement of what had actually occurred at the first meeting, and the finding is supported by competent evidence. The power of a municipal governing body to amend its minutes so that they speak the truth is well established. 62 C. J. S., Municipal Corporations, §409(d); 37 Am. Jur., Municipal Corporations, §65.

II. A certified copy of the ordinance, together with a map and description of the annexed territory and descriptions of the Borough before and after the annexation were filed on August 4, 1950. At that time there was pending in the court below an appeal from an ordinance enacted by the Borough on March 13, 1950, annexing 80 acres located in Bern Township. Although that annexation became effective, notwithstanding the appeal, upon the filing of the ordinance and descriptions in the court below, (Borough Code, §426; Cf. *In re: Filing of Ordinance by the Borough of State College,* 104 Pa. Superior Ct. 211, 158 A. 298) the Borough, understandably but erroneously, supposed that the Bern annexation would not become final until the appeal had been adjudicated in its favor, and accordingly omitted the Bern area from the descriptions filed in the Ontelaunee annexation. After the court below decided that the Bern annexation was valid, the Borough filed an amended map and descriptions which

included the Bern area within the boundaries of the Borough before and after the annexation of the Ontelaunee area, and the court below allowed the amendments.

No objection has been made to the accuracy, that is, to the calls of the metes and bounds, of the several descriptions, certainly none to the description of the area annexed, which is the truly vital feature in annexation proceedings. Even as to that important feature, *Irwin Borough Annexation Case (No. 1)*, 165 Pa. Superior Ct. 119, 126, 67 A. 2d 757, intimated that a court could allow the filing of an amended map where the boundaries of the annexed area were properly described in the ordinance. Since the annexed area was accurately described in the ordinance, no one was harmed by the original misdescriptions of the Borough's boundaries and the court below properly allowed the amendment.

*North Braddock Borough's Annexation Case,* 126 Pa. Superior Ct. 53, 62, 190 A. 357, appellant's main reliance, does not control this case. There the true boundary between the borough and the township was disputed and was the subject of prolonged litigation. North Braddock obviously sought "to legislate a change in the dividing line between the municipalities without knowing where the existing boundary line actually was located. It based its action upon an incorrect and untrue description of its own territory, and it falsely recited that all of the territory then being annexed lay within the township. Such recital was diametrically opposed to and inconsistent with the position it had assumed and continues to assume in the disputed boundary proceeding." There the annexing borough attempted to foreclose and settle litigation by an ordinance-description which was patently untrue and false, a circumstance absent in this case. The

omission to include the Bern Township annexed area in the description of the Borough's boundaries did not, as in the *North Braddock* case, falsify or inaccurately describe the lines between the Borough and the Township of Ontelaunee. See *In re Proceedings for Approval of Ordinance of the city of Chester annexing certain lands in the township of Chester to the city of Chester*, 174 Pa. 177, 34 A. 457.

III. The propriety of a Borough annexation is reviewable on appeal, but the court below will be reversed only upon demonstration of a manifest abuse of discretion. *Irwin Borough Annexation Case (No. 1)*, supra. We recognize that: "The quarter sessions courts have for two centuries been the repository of general supervisory and administrative power in relation to a large variety of local interests and affairs": Id., p. 133. Moreover, "we do not weigh the evidence, resolve its conflicts, or pass upon the credibility of the witnesses. The findings of fact by the court below will not be disturbed if our examination of the testimony shows that they are supported by competent evidence": Id., p. 122.

The Township, residents of the Borough, and residents of the annexed territory objected on various grounds to the annexation. Voluminous testimony, 300 printed pages, constitutes the larger part of the record. We have carefully examined that testimony and find that it includes the usual, not to say the classic, objections which are frequently made in similar proceedings; that is, loss of revenue to the Township, prophecies that the Borough's water system will not adequately supply residents of the annexed territory, opposition to the form of borough government, fear of loss of the post office located in the annexed territory, and other reasons, some purely personal in their nature. On the other hand, there was potent evidence support-

ing the propriety of the annexation. Judge HESS penetratingly analyzed the testimony and in a lucid and cogent opinion, for unassailable reasons, rejected all appellant's contentions.

Our study of the testimony and the opinion has not uncovered the slightest token of abused discretion, and the findings of fact are amply supported by the evidence. Into the details and the conflicts of the testimony we shall not enter. It is enough to say that affirmance can be unreservedly rested upon the ultimate conclusion of the learned court below: "[W]e cannot find that undue financial hardship will result to the remaining taxpayers of the township. A considerable number of present residents in both communities oppose consolidation and we have no doubt that those individuals sincerely and conscientiously believe the annexation to be improper. On the community level, however, and considering the broader aspects of community growth, government and governmental services to the citizens, we are firmly convinced that the proponents of annexation are correct in contending that the many joint interests and relationships of the borough and the town make consolidation not only advisable but also necessary."

Order affirmed at appellant's costs.