## Salisbury Township Annexation Case.

Argued October 8, 1952. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harry P. Creveling,* with him *Wardell F. Steiger-
walt* and *David Freeman,* for appellant.

*Henry L. Snyder,* with him *Snyder, Wert & Wilcox,*
for appellees.

OPINION BY RHODES, P. J., January 20, 1953:

The Borough of Emmaus enacted an ordinance on
August 20, 1951, providing for the annexation of 15.3
acres of adjacent vacant land in Salisbury Township,
then a township of the second class, in Lehigh County.
The supervisors of the township appealed to the Court
of Quarter Sessions of Lehigh County complaining that
the ordinance was illegal and improper. After hear-
ing, the court found the annexation to be legal, proper,

and effective as of August 20, 1951, and dismissed the appeal. Before the conclusion of the annexation proceeding, Salisbury Township became a township of the first class.[1] The township commissioners were then substituted as parties, and they have appealed to this Court. The order of the court below will be affirmed.

Annexation by a borough of land in a township of the second class is regulated by "The General Borough Act" of May 4, 1927, P. L. 519, as revised and amended by "The Borough Code" of July 10, 1947, P. L. 1621, 53 PS §12221 et seq. The Code, §5, as amended, 53 PS §12461 provides: "Any borough may, by ordinance, annex adjacent land situate in a township of the second class in the same or any adjoining county, upon petition, . . . The petition shall be signed by a majority in number of all of the freeholders of the territory to be annexed." Complaint as to the legality of the annexation ordinance may be made to the court of quarter sessions, "and the determination and order of the court thereon shall be conclusive." Section 23, 53 PS §12900. The same section of the Code further provides: "In cases of ordinances effecting annexation of territory . . ., the court shall have jurisdiction to review the propriety as well as the legality of the ordinance." Section 23, 53 PS §12900. *Irwin Borough Annexation Case (No. 1),* 165 Pa. Superior Ct. 119, 121, 122, 67 A. 2d 757.

Appellants' argument follows their statement of questions involved. We shall consider them in the same order. However, matters not raised in the court below will not be considered by us on this appeal, especially where a review is requested of a factual matter

---

[1] For the procedure for annexation of territory of a first-class township, see Act of July 10, 1947, P. L. 1621, §3, 53 PS §12381 et seq.

not questioned or argued in the court below. See *Skocich v. F. J. Boutell Driveaway Co.*, 317 Pa. 26, 176 A. 19.

First. The admitted effect of the annexation is to divide Salisbury Township into two noncontiguous parts, that is, to work a physical geographic division of the township. Appellants claim the ordinance is illegal and improper for this reason. This Court has held there was nothing in earlier legislation, or in the Constitution, which prohibited or rendered illegal annexation to a municipality of territory of an adjacent township where the result of an annexation was a separation of the remainder of the township. *In re Annexation of Mill Creek Township, Erie County*, 74 Pa. Superior Ct. 275, 278 (1920), allocatur refused 75 Pa. Superior Ct. xxviii. Although this decision was under an earlier statute, it is applicable as to the result under the present Act.

The amendment to section 1010 of "The General Borough Act" of May 4, 1927, P. L. 519, 53 PS §12900, giving the court of quarter sessions jurisdiction in cases of ordinances effecting annexation of territory to "review the propriety as well as the legality of the ordinance" is in amplification rather than in derogation of the powers of the court of quarter sessions. *North Braddock Borough's Annexation Case*, 126 Pa. Superior Ct. 53, 64, 190 A. 357.

The court below fully considered the effect of the division of Salisbury Township into two parts by reason of the annexation by the Borough of Emmaus of the narrow strip of land located east of the borough and west of the City of Allentown. The Borough of Emmaus and other boroughs have been carved out of the township, and the City of Allentown has annexed portions thereof. The court observed that Salisbury Township was presently comprised of three hetero-

geneous parts—the portion east of the City of Allentown being urban; the south portion, mountainous; and the west, rural. The court concluded that severance of the township by reason of the annexation was harmless, because portions of the township had already been absorbed by various municipalities, and there is no highway into the western section of the township from the other parts except through the City of Allentown. We think it is clear that the court did not abuse its discretion in concluding that the division of the township did not preclude the annexation.

Second. In accordance with the statutory requirement, there was filed in the annexation proceeding a description and a plot of the borough showing the same before and after the annexation. The Code, §5, 53 PS §12462. There was testimony that the description of the borough failed to close by 120 feet. Appellants contend this alleged error in the description renders the annexation proceeding fatally defective. Neither the township engineer nor the borough engineer went upon the ground and made a survey. This was not necessary. *Irwin Borough Annexation Case (No. 1)*, supra, 165 Pa. Superior Ct. 119, 128, 67 A. 2d 757. The only possible misdescription concerned the prior boundaries of the Borough of Emmaus. There was no misdescription of the territory sought to be annexed. The borough engineer merely copied the existing description of the borough and used it in the present proceeding. The township engineer plotted the borough description academically without reference to monuments; and he made no examination of the description of the territory to be annexed.

The borough engineer explained that the alleged misdescription of the boundaries of the borough resulted from the use by the borough in its existing description of true polar bearings, whereas the descrip-

tion of the borough and the plot as made by the township authorities were based on magnetic bearings. In the description in the petition for annexation, magnetic bearings were used. These were revised to conform with the true polar bearings used by the borough in its descriptions and plots. The borough engineer testified that the variance between these bearings was a constant ratio. If this explanation is accepted there was no variance or misdescription of any kind in the proceedings, and this the court of quarter sessions found to be a fact. Moreover, any misdescription concerned only the other borough boundaries and did not relate directly to the 15.3 acres which are the subject of the annexation proceeding. The boundaries of all of the municipal subdivisions concerned are clear both before and after the annexation. The court of quarter sessions was warranted in finding that any misdescription that might exist was not material and had no effect on the proceeding; and that any error in bearings or distance would be controlled on the ground by the monuments mentioned. Absolute accuracy is not mandatory, but the description and the plot must together definitely fix the boundaries with reasonable certainty. *Dallas Borough Annexation Case*, 169 Pa. Superior Ct. 129, 139, 82 A. 2d 676. Minor discrepancies may be disregarded. *Irwin Borough Annexation Case (No. 1)*, supra, 165 Pa. Superior Ct. 119, 125, 67 A. 2d 757. The present appeal is distinguishable from the *Irwin Borough* case in that any misdescription was minor and immaterial and did not relate to the territory to be annexed.

Third. The provisions of "The Borough Code," §5, as amended, 53 PS §12461, require that the petition for annexation "shall be signed by a majority in number of all of the freeholders of the territory to be annexed." *Dallas Borough Annexation Case*, supra, 169 Pa. Supe-

rior Ct. 129, 133, 82 A. 2d 676. The original petition to the corporate authorities of the Borough of Emmaus contained fourteen signatures. At the hearing in the court below it appeared that four persons whose names were on the petition had not signed, although two of the four had orally authorized the affixing of their signatures. Appellants take the position that the unauthorized signatures vitiated the entire proceeding. It was not questioned in the court below that the ten remaining unchallenged signatures constituted a majority of the freeholders of the territory to be annexed. The hearing proceeded on this undisputed fact, and we shall not consider any argument on that point on this appeal. The court below properly held that the unauthorized signatures could be disregarded where sufficient freeholders signed to constitute a majority. The unauthorized signatures did not vitiate the proceeding as long as the statutory requirement was fulfilled and the admittedly genuine signatures constituted a majority in number of the freeholders. As the court below said: "The wishes of those who validly petitioned cannot be frustrated by the overzealous action of one in presuming to sign for others." Cf. *Derry Township School District Appeal*, 168 Pa. Superior Ct. 415, 79 A. 2d 127.

Fourth. Appellants assert that the court below erred in refusing to admit testimony relative to the effect of the annexation on the maintenance of roads of Salisbury Township. As we have previously stated, under the present Code, §23, 53 PS §12900, in cases involving annexation, the court of quarter sessions has jurisdiction to review the propriety as well as the legality of the ordinance. The court below considered and discussed at length all phases of the propriety of the proposed annexation, including the extent of decrease in the assessable property in the township. There

were no township roads over the territory to be annexed. The court said: ". . . no evidence was offered in support of the theory that the annexation would increase the expense of maintaining township roads or complicate transportation of school children."

Our review on appeal of cases of this type is a broad certiorari. We do not weigh the evidence or pass upon the credibility of the witnesses, and the court's findings will not be disturbed if supported by competent evidence. *Irwin Borough Annexation Case (No. 1)*, supra, 165 Pa. Superior Ct. 119, 122, 123, 67 A. 2d 757; *Derry Township School District Appeal*, supra, 168 Pa. Superior Ct. 415, 419, 79 A. 2d 127; *Dallas Borough Annexation Case*, supra, 169 Pa. Superior Ct. 129, 134, 82 A. 2d 676. We find no merit in appellants' argument as to the admission of evidence. It appears from an examination of the record that the court's findings are supported by competent evidence, and we are of the opinion that there was no abuse of discretion upon the propriety of the annexation.

Fifth. Appellants argue that under the present Code, Act of July 10, 1947, P. L. 1621, §23, 53 PS §12900, it was mandatory that the appeal from the annexation ordinance to the court of quarter sessions be heard by the court in banc. The appeal was heard and the testimony taken before President Judge HENNINGER on March 24, 1952. We understand that briefs were filed and argument had before the court in banc consisting of the President Judge and Judge DIEFENDERFER. The opinion of the court dismissing the appeal and allowing the annexation was signed for the court by President Judge HENNINGER and filed on June 16, 1952. We said in *Irwin Borough Annexation Case (No. 1)*, supra, 165 Pa. Superior Ct. 119, 124, 67 A. 2d 757, that a complaint against an annexation ordinance in the court of quarter sessions generally raised

questions of vital interest to the community, and that the court in banc was the proper tribunal to "consider and decide" such questions. Appellants have raised this point for the first time on appeal to this Court. In any event, the record does not support any argument that the appeal in the court below was not considered and decided by the proper tribunal.

Order of the court below is affirmed, at appellants' costs.