Saxony Construction Company Appeal.

Argued November 11, 1954; reargued March 29, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ. (ERVIN, J., absent).

*Robert K. Greenfield,* with him *John R. Graham, William A. Kelley, Jr., Crawford & Graham* and *Folz, Bard, Kamlser, Goodis & Greenfield,* for appellants.

*Ralph L. Lindenmuth,* with him *George E. Kearns, Jr.* and *Lindenmuth & Class,* for appellee.

OPINION BY WOODSIDE, J., April 18, 1955:

This is an appeal by the Saxony Construction Company from the decree of the Quarter Sessions Court of Delaware County dismissing its appeal from the refusal of the board of supervisors of a second class township to approve a subdivision plan submitted to the supervisors by the company.

Paragraph (c) of Section 1206-A, added to The Second Class Township Law of May 1, 1933, P. L. 103 by the Act of May 24, 1951, P. L. 370, §16, 53 PS §19093-1256, provides that the board of township supervisors before approving any such plan "shall either require that the necessary grading, paving and other street improvements, including, where specified by the board, . . . sanitary sewers and storm sewers shall have been installed in strict accordance with the standards and specifications of the township" or that the township receive guarantee that it will be done. Section 1140 of The Second Class Township Law, supra, as amended 53 PS §19093-1140 provides for the approval by township supervisors of plans for roads to be constructed, opened or dedicated in the township.

When the construction company submitted its subdivision plan, which included roadways, to the Board of Supervisors of Marple Township the supervisors approved it *provided* that a sanitary sewer be installed by the construction company within the boundaries of the streets appearing in said plan. This amounts to a refusal *unless* the appellant complies with the conditions.

There is no sanitary sewer system in the immediate vicinity with which the sewer pipes required by the supervisors to be installed by the appellant could be connected, nor has the township made any legally binding commitments for the construction of, or connection with any such system. The sewers thus required could not be presently used.

The appellant, contending that under all the circumstances the requirement of the supervisors was arbitrary, capricious, unreasonable and without legal authority, appealed to the Quarter Sessions Court of Delaware County. Paragraph (f) of the aforesaid section

1206-A (53 PS §19093-1256(f) provides for appeal as follows:

"In any case where the board of township supervisors disapproves a subdivision plan, any person aggrieved thereby may, within thirty days thereafter, appeal therefrom, by petition to the court of quarter sessions of the county, which court shall hear the matter de novo and after hearing enter a decree affirming, reversing or modifying the action of the board, as may appear just in the premises. The court shall designate the manner in which notices of the hearing of any such appeal shall be given to all parties interested. The decision of the court shall be final."

Section 1141 of The Second Class Township Law, supra, as amended 53 PS §19093-1141 provides for an appeal in practically the same language from refusal of the township supervisors to approve road plans under section 1140, supra.

The Quarter Sessions Court of Delaware County after hearing de novo, decree nisi and argument before the court en banc dismissed the appeal.

Both the aforesaid sections provide that the decision of the Quarter Sessions Court shall be final. This has the same effect as if the legislature had said that no right of appeal is permitted. *White Township School Directors Appeal,* 300 Pa. 422, 150 A. 744 (1930). Where the legislature expressly denies the right of appeal, this court's scope of review is limited to the question of the lower court's jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered.

In *Kaufman Construction Co. v. Holcomb et al.,* 357 Pa. 514, 517, 518, 519, 55 A. 2d 534 (1947), the present Chief Justice of our Supreme Court said: "Where a statute expressly denies the right of appeal to a court from the action of some agency of government, or to

an appellate court from the decision of a court of original jurisdiction, to what extent is a disappointed claimant thereby prevented from obtaining a complete judicial review of his claim? After some vacillation by the courts in regard to the proper answer to that question (citing), the law is now reasonably clear, a distinction being made between the effect of a statute which merely fails to provide for a right of appeal and the effect of one which expressly denies that right . . . The distinction thus made has been reiterated and reinforced in a multitude of subsequent cases holding that where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous. It is only where the statute is silent on the question of appeal that a review by certiorari may be had 'in the broadest sense' and the court may consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made."

This has been repeated as late as 1954 in *Delaware County National Bank v. Campbell,* 378 Pa. 311, 316, 106 A. 2d 416 (1954). See also *Twenty-First Senatorial District Nomination,* 281 Pa. 273, 126 A. 566 (1924); *Grime v. Dept. of Public Instruction,* 324 Pa. 371, 375, 188 A. 337 (1936).

The federal constitution does not require the legislature to give a litigant an appeal from a lower court. *Hibben v. Smith,* 191 U. S. 310, 322, 24 S. Ct. 88 (1903); *Spaulding v. Douglas Aircraft Co.,* 154 F. 2d 419, 427 (1946).

The questions argued before us relate to the merits of the controversy and not the jurisdiction or the regularity of proceedings. There thus being no contention concerning the only questions we could consider, the appeal is dismissed.

RHODES, P.J. and WRIGHT, J. concur in the result.

ERVIN, J. took no part in the consideration or decision of this appeal.