Plum Township Annexation Case.

Argued November 16, 1954; reargued April 19, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Lorraine L. Bieno,* with her *Louis Rosenberg,* for appellant.

*Fred Shoemaker,* Borough Solicitor, with him *Shoemaker & Knoell,* for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an annexation proceeding wherein a borough by ordinance annexed an adjacent portion of a second class township pursuant to a petition requesting the annexation signed by a majority in number of all the freeholders of the annexed territory. Sections 425 and 426 of "The General Borough Act" of May 4, 1927, P. L. 519, as amended and recodified by the Act of July 10, 1947, P. L. 1621, 53 P.S. 12461, 12462. Section 1010 of the Borough Code, as amended, 53 P.S. 12900, provides: "Complaint as to the legality of any ordinance or resolution may be made to the court of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after any ordinance or resolution takes effect, *and the determination and order of the court thereon shall be conclusive.* In cases of ordinances effecting annexation of territory or laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance." (Emphasis added) Nothwithstanding the language declaring the determination of the court below conclusive, this Court, in a number of cases, has stated that the appeal is on a broad certiorari, and, in addition to adjudicating the jurisdiction of the court below and the regularity of its proceedings, we have examined the testimony which was made a part of the record by the Act of April 18, 1919, P. L. 72, 12 P.S. 1165, to determine whether the findings and determination of the lower court are supported by competent evidence. In *Appeal of Bender*, 106 Pa. Superior Ct. 376, 378, 163 A. 47, we said: "The decision below is not conclusive; nor is our jurisdiction on this appeal limited to a review of the regularity of the proceedings, as was formerly the rule on

a certiorari: Davis v. Crafton Borough, 75 Pa. Superior Ct. 37; Hand's Case, 266 Pa. 277. Although this appeal is in effect a certiorari the testimony taken in the court below and filed 'shall be reviewed by the appellate court as part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below': Act of April 18, 1919, P. L. 72. Prior to the passage of this statute we had authority, when a case was brought to this court by certiorari, to examine the opinion of the court below for the purpose of ascertaining the basis of its action and whether it exceeded its jurisdiction or its proper legal discretion: Independence Party Nomination, 208 Pa. 108; Chester County Republican Nominations, 213 Pa. 64." See also *Warner Bros. Theatres v. Pottstown Boro.*, 164 Pa. Superior Ct. 91, 93, 63 A. 2d 101, wherein we said: "Under the Act of April 18, 1919, P. L. 72, 12 PS §1165, it is for us to examine the testimony as on an appeal from a judgment entered upon the verdict of a jury in an action at law and to decide the case on its merits." In *Irwin Borough Annexation Case (No. 1)*, 165 Pa. Superior Ct. 119, 122, 123, 67 A. 2d 757, we said: "However, we do not weigh the evidence, resolve its conflicts, or pass upon the credibility of the witnesses. The findings of fact by the court below will not be disturbed if our examination of the testimony shows that they are supported by competent evidence."

In *Derry Township School Dis. Appeal*, 168 Pa. Superior Ct. 415, 419, 79 A. 2d 127, we said: "While we are authorized to review the finding of the court below upon the propriety of the annexation, we reverse only upon a showing of a manifest abuse of the discretion vested in it." See also *Dallas Borough An-*

*nexation Case,* 169 Pa. Superior Ct. 129, 133, 134, 82 A. 2d 676; *Salisbury Twp. Annexation Case,* 172 Pa. Superior Ct. 262, 270, 94 A. 2d 143; *Lemoyne Borough Annexation Case,* 176 Pa. Superior Ct. 38, 41, 107 A. 2d 149.

Review on certiorari has been recently considered and clarified by Mr. Justice (now Chief Justice) STERN in *Kaufman Const. Co. v. Holcomb,* 357 Pa. 514, 517, 518, 519, 55 A. 2d 534, in the following language: "Where a statute expressly denies the right of appeal to a court from the action of some agency of government, or to an appellate court from the decision of a court of original jurisdiction, to what extent is a disappointed claimant thereby prevented from obtaining a complete judicial review of his claim? After some vacillation by the courts in regard to the proper answer to that question—(as to which see Rimer's Contested Election. Geary's Appeal, 316 Pa. 342, 175 A. 544, and McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280, 200 A. 213)—the law is now reasonably clear, a distinction being made between the effect of a statute which merely fails to provide for a right of appeal and the effect of one which expressly denies that right. This differentiation apparently had its origin in Twenty-first Senatorial District Nomination, 281 Pa. 273, 279, 126 A. 566, 568, in which it was said: 'Where, in a statutory proceeding, the legislature fails to provide for an appeal, and because of that omission the action of the tribunal involved is, generally speaking, considered final . . . a certiorari to inspect the record, in the broadest sense allowed by our cases, may, nevertheless, issue; but where the legislature . . . particularly states that no appeal shall be permitted, then review, beyond determining questions of jurisdiction, cannot be had; and, under circumstances such as those at bar, a certiorari for the lat-

ter purpose cannot be broadened into something more extensive, either by our prior rulings on the general subject in hand, or by operation of the Act of April 18, 1919, P. L. 72.'[1] The distinction thus made has been reiterated and reinforced in a multitude of subsequent cases holding that where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous.[2] It is only where the statute is silent

---

[1] "The Act of April 18, 1919, P. L. 72, provided that in cases of an appeal to the Superior or Supreme Court the testimony taken in the lower court should be filed in the proceedings and reviewed by the appellate court as a part of the record with like effect as upon an appeal from a judgment entered upon a verdict of a jury in an action at law, and the appeal so taken should not have the effect only of a certiorari to review the regularity of the proceedings in the court below."

[2] "Examples: Commonwealth v. Cicere, 286 Pa. 296, 133 A. 795; White Township School Directors Appeal, 300 Pa. 422, 150 A. 744; Commonwealth v. Del Vaccio, 303 Pa. 519, 154 A. 789; Rimer's Contested Election. Geary's Appeal, 316 Pa. 342, 351, 175 A. 544, 547; Grime v. Department of Public Instruction, 324 Pa. 371, 188 A. 337; State Board of Undertakers v. Frankenfield, 329 Pa. 440, 198 A. 302; In re Elkland Leather Workers Association, Inc., 330 Pa. 78, 198 A. 13; Carroll's Appeal, 336 Pa. 257, 9 A. 2d 407; State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc., 339 Pa. 309, 312, 14 A. 2d 308, 310; First Baptist Church of Pittsburgh v. Pittsburgh, 341 Pa. 568, 573, 20 A. 2d 209, 212; Beatty v. State Board of Undertakers, 352 Pa. 565, 43 A. 2d 127; McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280, 200 A. 213; Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 10 A. 2d 899; Shaheens' Liquor License Case, 145 Pa. Superior Ct. 5, 20 A. 2d 919; Kimmell Liquor License Case, 157 Pa. Superior Ct. 59, 41 A. 2d 436; Blair Liquor License Case, 158 Pa. Superior Ct. 365, 45 A. 2d 421."

on the question of appeal that a review by certiorari may be had 'in the broadest sense' and the court may consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made."[3]

See also *Delaware County Nat. Bank v. Campbell*, 378 Pa. 311, 316, 317, 318, 332, 106 A. 2d 416, wherein the majority and minority of the Court clearly recognize the principle that when an appeal is statutorily denied, a review by the appellate court on certiorari is narrowly limited to questions of jurisdiction and regularity of the proceedings.

It might be argued that the legislature, in the case at bar, did not expressly prohibit an appeal. It is difficult to see how it could have chosen language to attain that result more effectively. It said: ". . . and the determination and order of the court thereon shall be conclusive." In Webster's New International Dictionary, 2d ed., "conclude" is thus defined: "5. To make a final determination or judgment concerning; . . . . 1. To come to a termination; to make an end; to close; end; terminate; . . . 2. to be conclusive . . . 3. to form a final judgment; . . . ." See *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 285, 200 A. 213. The words "final" and "conclusive" as

---

[3] Examples: Bangor Electric Co.'s Petition, 295 Pa. 228, 232, 145 A. 128, 129; Clarke's Case, 301 Pa. 321, 326, 152 A. 92, 94; Commonwealth v. Cronin, 336 Pa. 469, 474, 475, 9 A. 2d 408, 411; Bureau of Highway Safety v. Wright, 355 Pa. 307, 49 A. 2d 783; Commonwealth v. Hildebrand, 139 Pa. Superior Ct. 304, 11 A. 2d 688; Mami's Liquor License Case, 144 Pa. Superior Ct. 285, 19 A. 2d 549; Askounes' Liquor License Case, 144 Pa. Superior Ct. 293, 19 A. 2d 846; Market Street National Bank of Shamokin v. Coal Township, 156 Pa. Superior Ct. 182, 39 A. 2d 744; East Side Democratic Club Liquor License Case, 160 Pa. Superior Ct. 136, 50 A. 2d 514.

used in the statutes are synonymous (Cf. *Galbreath v. Colt,* 4 Yeates 551, 555; *Andrews v. Lee,* 3 P. & W. 99; 1 Shorter Oxford English Dictionary 362 (1933 ed.); *Saxony Construction Company Appeal,* 178 Pa. Superior Ct. 132, 113 A. 2d 342. (Allocatur refused by Supreme Ct. May 24, 1955)).

In *Newport Township School District v. State Tax Equalization Board,* 366 Pa. 603, 609, 79 A. 2d 641, the Court said: " '. . . the authorities agree that *certiorari* does not lie to review or annul any judgment or proceeding which is not judicial in its nature, but with respect to various proceedings there is room for great difference of opinion as to whether they are judicial or not. If they are either legislative or executive, they are beyond the reach of this writ.' "

The question of whether certain territory should be a part of a township of the second class or a part of a borough is purely legislative in character. All municipalities are agents of the state and the state may provide for their creation or modification by legislation. The state may also delegate this power to the municipalities.

Appellee has cited many cases but a reading of them will show that they were decided before *Kaufman Const. Co. v. Holcomb,* supra, or that the scope of appellate review was not considered therein.

Inasmuch as we have concluded that our consideration is thus limited, we have no difficulty in determining that the lower court did have jurisdiction and that the proceedings were regular.

Were we not thus limited and should we look, as we heretofore have, through the glass of a broad certiorari, nevertheless we would be obliged to affirm the findings and determination of the lower court. Without going in great detail into the merits of the contro-

versy, we find that it concerned not the question of propriety of the annexation, but rather such technical questions as whether the description in the ordinance was accurate and whether it would close. Engineers for the township testified one way and engineers for the borough testified another. Judge DUFF, in an exhaustive and able opinion, chose to accept the testimony of the borough engineers as the more worthy of belief. A thorough examination of the entire record convinces us that there was ample evidence to justify the lower court's action and we find no abuse of discretion.

Since we have reached this conclusion it is not necessary for us to consider appellee's argument that this case should have been heard by the court in banc before coming here. This being a matter of considerable importance to the community and the lower court's action now assuming the importance that it does in view of our present ruling, we announce that in this type of case it would be better practice to have exceptions to the trial court's findings and conclusions heard by the court in banc.

The order of the lower court is affirmed at the cost of the appellants.

————

CONCURRING AND DISSENTING OPINION BY RHODES, P. J.:

I agree with the majority that the evidence supports the order of the Court of Quarter Sessions of Allegheny County in this annexation proceeding, and therefore I concur in the conclusion of the majority that the action of that court should be affirmed.

I disagree, however, with the conclusion that our scope of review, under section 1010 of the Borough

Code, as amended, 53 PS §12900, in appeals involving annexation ordinances, is limited to that of a narrow certiorari. This Court should adhere to its many recent decisions holding that the scope of review, in an appeal from a court of quarter sessions involving an annexation ordinance, under section 1010 of the Borough Code, 53 PS §12900, is that of a broad certiorari. I believe this conclusion is based upon substantial and logical reasons. Beginning with *Appeal of Bender*, 106 Pa. Superior Ct. 376, 378, 163 A. 47, we have held that on appeal from a decree of the court of quarter sessions, in a proceeding under section 1010 of the Borough Code, our review is on broad certiorari. A primary reason for this rule is set forth in *Warner Bros. Theatres, Inc., v. Pottstown Borough*, 164 Pa. Superior Ct. 91, 93, 63 A. 2d 101, 102, as follows: "Under the Act of April 18, 1919, P. L. 72, 12 PS §1165, it is for us to examine the testimony as on an appeal from a judgment entered upon the verdict of a jury in an action at law and to decide the case on its merits." And, in the following recent annexation cases involving section 1010 of the Borough Code, we have consistently adhered to this rule of review on broad certiorari. *Irwin Borough Annexation Case (No. 1)*, 165 Pa. Superior Ct. 119, 67 A. 2d 757; *Derry Township School District Appeal*, 168 Pa. Superior Ct. 415, 79 A. 2d 127; *Dallas Borough Annexation Case*, 169 Pa. Superior Ct. 129, 82 A. 2d 676; *Ontelaunee Township Annexation Case*, 172 Pa. Superior Ct. 71, 75, 92 A. 2d 262; *Irwin Borough Annexation Case*, 171 Pa. Superior Ct. 256, 265, 90 A. 2d 365; *Salisbury Township Annexation Case*, 172 Pa. Superior Ct. 262, 94 A. 2d 143; *Lemoyne Borough Annexation Case*, 176 Pa. Super Ct. 38, 107 A. 2d 149.

In *Irwin Borough Annexation Case (No. 1)*, supra, 165 Pa. Superior Ct. 119, 122, 67 A. 2d 757, 759, Judge RENO stated: "Notwithstanding the provision in §1010 [of the Borough Code, 53 PS §12900], . . . declaring the

determination of the court below conclusive, the case is here on a broad certiorari and, in addition to adjudicating the jurisdiction of the court below and the regularity of its proceedings, we examine the testimony which was made a part of the record by the Act of April 18, 1919, P. L. 72, 12 PS §1165. In Re Appeal of Bender, 106 Pa. Superior Ct. 376, 163 A. 47; Warner Bros. Theatres, Inc., v. Pottstown Borough, 164 Pa. Superior Ct. 91, 63 A. 2d 101." Our review on broad certiorari in these cases is in no small part based on the enlarged scope of review given the court of quarter sessions by the legislative amendment of 1933 to section 1010 of the 1927 Borough Code. In *Salisbury Township Annexation Case,* supra, 172 Pa. Superior Ct. 262, 266, 94 A. 2d 143, 145, we said: "The amendment to section 1010 of 'The General Borough Act' of May 4, 1927, P. L. 519, 53 PS §12900, giving the court of quarter sessions jurisdiction in cases of ordinances effecting annexation of territory to 'review the propriety as well as the legality of the ordinance' is in amplification rather than in derogation of the powers of the court of quarter sessions. North Braddock Borough's Annexation Case, 126 Pa. Superior Ct. 53, 64, 190 A. 357." On this same point, Judge Reno had previously stated, in *Irwin Borough Annexation Case (No. 1),* supra, 165 Pa. Superior Ct. 119, 131, 67 A. 2d 757, 763: "The court's power to adjudicate the propriety of an annexation was introduced into the law by an amendment of May 18, 1933, P. L. 818, §1, to The General Borough Act of May 4, 1927, P. L. 519, 53 PS §12900. Its purpose was to lodge judicial discretion in the quarter sessions court in respect to annexations, somewhat analogous to the power exercised by it under the Act of April 1, 1834, P. L. 163 and April 3, 1851, P. L. 320. See Penna. P. & L. Co. v. Shenandoah Borough, 362 Pa. 43, 66 A. 2d 290. Under those and cognate acts the Supreme Court held that the soundness of the dis-

cretion exercised in approving borough incorporations and annexations was not subject to review. Borough of Sewickley, 36 Pa. 80; Annexation to Borough of Camp Hill, 142 Pa. 511, 21 A. 978. However, since the Act of April 18, 1919, P. L. 72, . . . under which the testimony becomes a part of the record and subject to review, the exercise of the discretion has been reviewable, North Braddock Borough's Annexation Case, supra, but the court will be reversed only upon a clear showing that its discretion has been abused."

The power of the Supreme Court to issue certiorari cannot be taken away by the Legislature. *Rimer's Contested Election*, 316 Pa. 342, 346, 175 A. 544, citing *Twenty-First Senatorial District Nomination*, 281 Pa. 273, 278. There has been a gradual and understandable tendency to expand, rather than to narrow, the scope of review on certiorari. *Rimer's Contested Election*, supra, 316 Pa. 342, 351, 175 A. 544. Legislative attempts to limit appellate review by prohibiting appeals could constitute undue interference with the administration of justice by the judicial branch of the government. At least it can create injustice where "the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous." *Kaufman Construction Company v. Holcomb*, 357 Pa. 514, 518, 55 A. 2d 534, 536. There is no doubt the Legislature may prohibit appeals from the findings or actions of an administrative board where no property right is involved and the board does not act as a judicial body, but merely carries out the Legislature's mandates in regard to a matter peculiarly within the Legislature's prerogative to control. *Newport Township School District v. State Tax Equalization Board*, 366 Pa. 603, 79 A. 2d 641. However, in referring to this case the Supreme Court, in *Delaware County National Bank v. Campbell*, 378 Pa. 311, 321;

106 A. 2d 416, 421, said: "It impliedly appears from this case that certiorari will lie to this Court from an order or judgment of an Administrative Board which is judicial in nature and substantially affects property rights." An attempt by the Legislature to prohibit appeals from an order or judgment, whether it be from an administrative board or court, judicial in nature and vitally affecting the property and basic rights of the public may result in a miscarriage of justice and a deprivation of due process. To this end, the courts may properly take into account the public interest in exercising their power to review on appeal.

Cases involving the validity of ordinances, especially annexation ordinances, concern municipal subdivisions and broad public rights, as distinguished from the private rights of individual parties to litigation. The Amendment of 1933 to section 1010 of the Borough Code of 1927, 53 PS §12900, is subsequent, chronologically and grammatically, to the original proviso making the action of the court of quarter sessions conclusive, and there is good reason to think that the Legislature did not intend to limit the scope of review in cases involving annexation ordinances. Appeals from the court of quarter sessions involving annexation ordinances, therefore, do not come in that category where the Legislature has, without more, denied the right of appeal. See cases cited in *Kaufman Construction Company v. Holcomb*, supra, 357 Pa. 514, 518, footnote 2.

Furthermore, annexation ordinances may involve serious constitutional issues which should be examined by the appellate court on a broad review. Where broad questions of statutory construction, administrative law, and constitutional issues were involved, the Supreme Court has entered into an extended discussion of these legal questions and given a broad review, even though the statute involved expressly forbid an appeal and the rule of narrow certiorari applied. See *Grime v. De-*

*partment of Public Instruction,* 324 Pa. 371, 378-384, 188 A. 337. Cf. *Beatty v. State Board of Undertakers,* 352 Pa. 565, 43 A. 2d 127. The rule of narrow scope of review, where the statute forbids an appeal expressly, as announced in the *Kaufman* case, apparently has not been applied by the Supreme Court in cases involving review of the action of the court of quarter sessions upon the validity of annexation ordinances. In fact, in *Dormont Borough Appeal,* 371 Pa. 84, 89 A. 2d 351, the Supreme Court reviewed on broad certiorari where a resolution of borough council was attacked, under section 1010 of the Borough Code of 1927, 53 PS §12900, and where the appeal was from the action of the court of quarter sessions. Also, section 1010 of the Borough Code, as amended, 53 PS §12900, provides: ". . . and the determination and order of the court thereon shall be conclusive." Nowhere is an appeal expressly prohibited. If this were the result sought, the Legislature could have said that the determination and order of the court shall be conclusive and there shall be no appeal or there shall be no right of appeal, as it has done in a number of other statutes. *Kaufman Construction Company v. Holcomb,* supra, 357 Pa. 514, 55 A. 2d 534; *White Township School Directors Appeal,* 300 Pa. 422, 150 A. 744; *Twenty-First Senatorial District Nomination,* 281 Pa. 273, 126 A. 566. In *Kaufman Construction Company v. Holcomb,* supra, 357 Pa. 514, 517, 55 A. 2d 534, the Supreme Court, citing from *Twenty-first Senatorial District Nomination,* 281 Pa. 273, 279, 126 A. 566, 568, said: "Where, in a statutory proceeding, the legislature fails to provide for an appeal, and because of that omission, the action of the tribunal involved is, generally speaking, considered final . . . a certiorari to inspect the record, in the broadest sense allowed by our cases, may, nevertheless, issue; but where the legislature . . . particularly states that no appeal shall be permitted, then review, beyond deter-

mining questions of jurisdiction, cannot be had; . . ." If the word "conclusive," as used in section 1010 of the Borough Code, is synonymous with the word "final," as stated in the majority opinion, the above quoted portion of the opinion in the *Kaufman* case is peculiarly applicable here. It is inconsistent to state that there can be no appeal here because "the determination and order of the court thereon shall be conclusive" or "final" and give as an authority a case stating that, while the action of tribunal involved is considered "final," nevertheless a broad certiorari may be allowed.

For these reasons, I think the Superior Court cases granting a review on certiorari in the broadest sense, where the validity of annexation ordinances is involved, are sound and supported by logic. This Court should not overrule its own line of reasoned decisions by an uncritical application of the rule of limited review, which, as a matter of fact, the Supreme Court has never applied to appeals involving annexation ordinances.

Judges GUNTHER and WRIGHT join in this opinion.