## Camp Hill Borough Annexation Case.

54

Argued March 9, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Frances H. Bohlen, Jr.,* with him *Joseph P. Flanagan, Jr., Addison M. Bowman, Jr.* and *Saul, Ewing, Remick & Saul,* for appellant.

*W. E. Shissler,* with him *George B. Stuart, Stuart & Stuart, Clinton R. Weidner, Tom H. Bietsch* and *Ralph A. Sheetz,* for appellees.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal of the Borough of Camp Hill from an order of the Court of Quarter Sessions of Cumberland County declaring Ordinance No. 409 of the Borough of Camp Hill invalid.

In this case the Borough of Camp Hill, on August 25, 1952, passed and adopted Ordinance No. 409 annexing 116.927 acres, part of which was located in East Pennsboro Township and part in Hampden Township. The Townships of East Pennsboro and Hampden, the School District of Hampden Township and certain citizens of both townships appealed to the court of quarter sessions and attacked the legality of the annexation ordinance. The lower court held that the ordinance was invalid. The Borough of Camp Hill appealed to this Court.

All of the questions raised in this appeal have been decided in an opinion this day filed in *Lemoyne Borough Annexation Case,* 176 Pa. Superior Ct. 38.

The lower court, in its opinion, stated: "The present ordinance sought to annex a portion of East Pennsboro Township and also a portion of the Township of Hampden. A single description only was given. It is impossible to determine, from the description, what land was to be annexed from each. Insofar as the ordinance sought to annex lands from East Pennsboro Township, it is invalid for the reasons stated above. Since there is no separate description of the land to be annexed from Hampden Township, the entire ordinance must fall." A copy of the petition of the freeholders was filed in the quarter sessions court with a notation thereon, "This is filed to show the description of the courses and distances of the boundaries of the Borough of Camp Hill before the annexation, and after the annexation." The petition describes by metes and

bounds 116.927 acres being annexed. It also shows the courses and distances of the boundaries of the Borough of Camp Hill as they existed before the annexation and the courses and distances of the boundaries of the Borough of Camp Hill as they were after the annexation of the territory proposed to be annexed. Filed with the petition was a plan showing the boundaries of the Borough of Camp Hill before and after the annexation and showing the territory proposed to be annexed. The plan also shows the line dividing the Townships of East Pennsboro and Hampden as it intersects the tract proposed to be annexed.

It is true that the ordinance does not set forth which part of the annexed land is in East Pennsboro Township and which part is in Hampden Township but this can readily be ascertained by reference to the plan which shows the dividing line between the two townships as it intersects the land proposed to be annexed. The borough complied with the specific provisions of the Code relative to annexation when it filed a certified copy of the annexation ordinance in the court of quarter sessions, together with a copy of the petition which contained a description showing the courses and distances of the boundaries of the borough before and after the proposed annexation, together with a plot plan giving the same information. It was argued that it is just as important to the respective townships to know the description of the land they are losing as it is to the borough to know the description of the land it is gaining. The answer to this argument is that the annexation procedure does not require that this information be given to the townships. Any civil engineer can figure the actual acreage in each township without difficulty from the plot plan. Absolute accuracy is not mandatory; it is sufficient if the description and the plot together definitely fix the

boundaries with reasonable certainty. In preparing the description and the plot it is not necessary that the municipal engineers go upon the ground and make a survey. *Salisbury Twp. Annexation Case*, 172 Pa. Superior Ct. 262, 267, 268, 94 A. 2d 143.

The order of the court below is reversed and Ordinance No. 409 of the Borough of Camp Hill is hereby declared to be valid. Costs to be paid equally by the Townships of East Pennsboro and Hampden.